JAMES HAMILTON, Appellant, *v.* PATRICK DUNN, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

On an application for security for costs, the affidavits of the respective parties may have equal weight.

On a petition for a mechanics' lien, the proceedings where the statute has not otherwise provided, will be governed by chancery rules.

The pendency of a motion for security for costs in a suit pending on mechanics' lien, will not necessarily excuse a party for not filing an answer; nor will such motion prevent the rendition of a decree *pro confesso*.

THIS was a proceeding to enforce a mechanics' lien. The appellant appeared and moved for security for costs, on the following affidavit:

"James Hamilton personally appears, and being first duly sworn, deposes and says that he is the defendant in the above entitled suit; that he is well acquainted with, and has, for some months last past, well known the said Patrick Dunn, the plaintiff in said suit, both personally and by reputation. That the said Patrick Dunn, according to his own statements and admissions made to this affiant on or about the first day of December last past, was, and according to the best of his, this affiant's, knowledge, information and belief, still is, utterly insolvent, and has no goods, estate or effects liable to execution, wherefrom such costs, or any part thereof, as the said Patrick Dunn may be decreed or adjudged to pay in the above entitled cause, can be made, levied or satisfied. This affiant further says that he has, as he is informed by his counsel and verily believes, a good, full and sufficient defense to the above entitled suit on the merits thereof, and that his proceedings in this behalf are not in any manner interposed or intended to delay or retard the trial of the same. This affiant therefore prays that a rule may be entered in the above entitled cause, requiring the said Patrick Dunn, within such time as the court, in its discretion, shall see fit, to file good and sufficient security for such costs as may accrue therein, and in default thereof, that said suit may be dismissed, according to the form, force and effect of the statute in such case made and provided."

On the 25th day of February, A. D. 1858, the appellee filed the following affidavit:

"Patrick Dunn, of said county, being duly sworn, deposes and says, that he is a mason by trade, and that James Hamilton, the defendant in this suit, is justly indebted to this deponent in a large sum of money, to wit: the sum of about two hundred dollars, for work, labor and services done and performed by this deponent for said Hamilton, and that said suit herein was com-

menced against said Hamilton to recover said sum of money; that this deponent is not insolvent, although a poor man, and that if said Hamilton would pay this deponent what is justly his due, he could pay all the debts he owes in the world. This deponent further says, that he does not know what the costs of the court in this case may be, but that if they do not amount to a large sum of money, he will be able to pay them without difficulty, especially if said Hamilton pays him what is now justly his due. This deponent further saith, that he is now and has been for about a year a resident of the city of Chicago, and that he has no other residence whatever. And further this deponent saith not."

On the 26th day of February, A. D. 1858, the court overruled the motion for security for costs, the cause having been then called for trial, and granted motion of appellee that petition be taken *pro confesso*, for want of answer, and that a jury be forthwith impanneled to assess the damages; and overruled appellant's cross-motion for leave to file his answer instanter.

On same day, cause submitted to the jury, who returned their verdict on the 27th day of February, A. D. 1858, and assessed the appellee's damages at one hundred and ninety-four dollars.

The appellant moved to set aside the default, assessment of damages, and for leave to file his answer. Motion overruled, and decree rendered for appellee.

Appeal prayed by appellant.

W. B. SCATES, and M. C. PARSONS, for Appellant.

E. ANTHONY, for Appellee.

BREESE, J. The rule upon the plaintiff to show cause why he should not give security for costs, was properly discharged by the court on the counter affidavit of the plaintiff; that should have as much weight with the court, as the defendant's affidavit. Such motions, in such cases, are not regarded in a very favorable light by courts, the object being most generally procrastination and delay. Slight evidence has been usually held sufficient to discharge such rule.

It appears from the record, that the motion for the rule and the filing the affidavit of the defendant was on the 8th day of February, and that it lay over until the 26th February, the day next following that on which the case was set for trial, it not having been called up by either party. On the 26th, the rule being discharged, the plaintiff's counsel thereupon entered his motion for a decree *pro confesso*, for want of an answer by defendant. The defendant resisted this motion, and thereupon

Hamilton *v.* Dunn.

presented his answer and made a cross-motion for leave to file it instanter, which the court denied, and granted a decree *pro confesso*, impanneled a jury and had the damages assessed. A motion was made to set aside the assessment and the decree *pro confesso*, and for leave to file his answer, which the court denied, and also denied a separate motion entered subsequently, to set aside the assessment, and entered a final decree, all which is assigned as error.

Suits to enforce a mechanics' lien, although by statute, placed on the common law docket, are yet proceedings in chancery, and governed by the rules of that court where they apply, and where the act giving the lien has not prescribed different rules. (Scates' Comp. 156, 159, sections 6, 23.)

By the 7th section of this act, (ib. 157), the answer to the bill or petition must be under oath, and by section 8, where process has been served ten days before the return day thereof, the defendant is required to file his answer, on or before the day on which the cause shall be set for trial on the docket, and the issues then made up under the direction of the court.

The record shows, no answer was filed on or before the day set for the trial of the cause, the defendant resting upon his motion for a rule to show cause why security for costs should not be given. This was a motion the defendant had a right to make, and he also, if he did not intend delay, had a right, and it was his duty to call it up before the day fixed by law for filing his answer. It was no part of the complainant's duty to call it up. He had the statute for his guide, and knew his rights under it, and if the defendant chose to sleep upon that motion until the day for answering had expired, it was his own folly. By so doing, he put himself wholly within the power of the court, and out of the statute. After that day, it was a matter of discretion with the court, whether the answer should be received or not. The complainant, when he moved for his decree, was entitled to it under the statute, and we cannot say that the court, in refusing the answer, has abused the discretion vested in it. We think it would have been no abuse of its power, to have permitted the answer to be filed, and that a practice less sharp than the one which was indulged in, might be entirely promotive of all the ends of justice. But no rule of law or of practice has been violated that we can discover, and accordingly affirm the decree.

*Decree affirmed.*