John M. Dunphy

*v.*

Francis A. Riddle *et al.*

1. Mechanic's lien — *limitation, as to incumbrances.* Where suit is brought to enforce a mechanic's lien against the owner within six months after the last payment becomes due, but after the expiration of six months a creditor of the owner or an incumbrancer is made a party by amendment of the petition, the lien cannot be enforced to the prejudice of such creditor or incumbrancer and the lien of the mechanic will be postponed to that of such new party.

2. Same — *limitation does not extend to purchaser.* The 28th section of the mechanic's lien law, which provides that such lien shall not be enforced "as against, or to the prejudice of, any other creditor or any incumbrancer, unless suit be instituted to enforce such lien within six months after the last payment for labor or materials shall have become due and payable," can not be extended by implication to embrace and protect a purchaser from the owner.

3. Same — *when suit is commenced as to new party.* Where suit is brought to enforce a mechanic's lien against the owner, and upon amendment of the petition a creditor or incumbrancer is made a party defendant, the suit can not be considered as having been commenced against such creditor or incumbrancer until he is so made a party defendant.

4. Same — *not a proceeding in rem.* A suit to enforce a mechanic's lien is not a proceeding *in rem* in any such sense as to be binding on any one not made a party. A decree therein can not affect the interest of one not a party to the suit.

5. Mortgage — *extinguishment or merger.* Where a party having a mortgage on real estate takes a conveyance from the mortgagor, and retains the note and mortgage, in the absence of proof showing a contrary intention there will be no merger or extinguishment of the mortgage.

Appeal from the Circuit Court of Cook County; the Hon. W. W. Farwell, Judge, presiding.

Mr. ROBERT HERVEY and Mr. HERBERT B. JOHNSON, for the appellant.

Mr. WIRT DEXTER and Mr. S. SIBLEY, for the appellee the United States Mortgage Company.

Mr. JAMES E. MONROE, for the appellee William G. Gallaher.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition filed in the circuit court of Cook county, on April 28, 1875, by the petitioner, John M. Dunphy, to enforce a mechanic's lien on certain described real estate.

The defendants in the suit were Francis A. Riddle — for whom, as owner, in pursuance of a written contract made on November 28, 1873, it was alleged the petitioner erected a dwelling-house on the premises, and two mortgagees of the premises, the United States Mortgage Company and William G. Gallaher. The court found and declared the lien as against Riddle, the owner, and ordered a sale of the premises for its satisfaction, subject to the two mortgages.

The petitioner, Dunphy, appeals.

The only controversy between Dunphy and the United States Mortgage Company is one of fact — whether he waived or released his lien. Riddle and wife executed the mortgage on the lot to the United States Mortgage Company on November 28, 1873 — the same day of the making of the contract for erecting the building — to secure the payment of $11,160 ; the mortgage being recorded December 11, 1873. It appeared by oral testimony that the money was borrowed for the purpose of constructing the dwelling-house, and that it was agreed between Riddle and the mortgage company that the latter should advance about forty per cent of the value of the land, and pay the rest as the house was built, reserving enough to finish the build-

ing, with the understanding that the building was to be clear of all mechanics' liens ; and it would seem to have been advanced accordingly, to wit, $5,500 December 17, 1873 ; $2,250 July 21, 1874 ; and $3,411 November 4, 1874, which, with interest, made up the sum of $11,160.

It was testified to by Mr. Sansome, the agent of the company who negotiated the loan for it, that in September or October, 1874, Riddle called on him in regard to the balance of the loan, and that witness told Riddle he must be satisfied there were no liens before the balance of the money could be paid. Riddle testifies to the same, and that he told Dunphy what Sansome had said, and drew up a release purporting to release all liens, which was signed by Dunphy and by McDougal & McKinley — the two latter appear to have been sub-contractors for the carpenter-work — but Burnham, the architect, refused his signature, because the Terra Cotta company had a lien, — on which account Riddle says he tore up the release, in presence of Dunphy and Burnham. Dunphy admits the signing of this release by him and McDougal & McKinley, and that he knew the object of it was to give it to Sansome, so that Riddle could get the balance of the money, but says they afterward recalled it. Riddle testified that he drew another release, which was signed by Dunphy and by McDougal & McKinley, which he took to the office of the mortgage company on the occasion the last payment was made, November 4, 1874 ; at which time witness, with Dunphy and McKinley, met at Sansome's office, by previous appointment, for the purpose of getting the balance of the money. Mr. Sansome testifies that he then told Dunphy that he could pay none of the balance of the money to Riddle until assured that there were no liens or chances of liens on the property ; that Dunphy then verbally assured him there were no liens ; no release was asked for ; that thereupon he gave Riddle a draft for $3,411 ; that without such assurance given by Dunphy he would not have paid the money.

Riddle corroborates Sansome as to the making of such assurances; says that he did not then exhibit the second release, and afterward handed it to Dunphy.

Dunphy and McKinley both deny the signing of a second release, and deny the making of the statements by Dunphy as testified by Sansome and Riddle. There was here a conflict of testimony, and it was for the court below to pass upon the credibility of the witnesses. We can not say that the court was not warranted in finding from the testimony, as it did, that as to the United States Mortgage Company appellant waived or released his lien.

The court below gave precedence to the mortgage of Gallaher over the lien of the petitioner, for the reason that the suit against Gallaher was not commenced within six months after the last payment became due to the petitioner. The provision of the statute fixing the time of limitation in this respect is section 28 of the Mechanic's Lien Act, page 668 Revised Statutes of 1874, which is as follows: "No creditor shall be allowed to enforce the lien created under the foregoing provisions, as against or to the prejudice of any other creditor or any incumbrance, unless suit be instituted to enforce such lien within six months after the last payment for labor or materials shall have become due and payable." The mortgage of the premises subject to the mortgage of the United States Mortgage Company was made by Riddle to Gallaher April 13, 1874, and recorded June 1, 1874, and was to secure the payment of Riddle's promissory note of the same date for $7,000 payable to Gallaher one day after date.

The last payment for labor and materials became due and payable to the petitioner, under the contract, on November 18, 1874. The petitioner filed his petition April 28, 1875. F. A. Riddle, the United States Mortgage Company, and Charles R. Steele were at the time of the filing of the petition made parties defendant, and a summons was issued against them alone, and served upon them April 28, 1875.

On May 22, 1875, on motion of the petitioner, leave was

given him to amend his petition by making Gallaher a party defendant, and order made that a summons issue against him, which issued accordingly on the same day.

Thus it will be seen the suit was commenced against Riddle the owner, the mortgage company, and Steele, within six months after the last payment for labor and materials became due; but that Gallaher was not made a party defendant to the suit until after the expiration of said six months, to wit, four days afterward.

The statute does not say, in terms, *against whom* the suit shall be commenced within the six months, its language being, " unless suit be instituted to enforce such lien within six months;" and it is contended by appellant that it is only needful to commence suit to enforce the lien against the owner and property within the six months, and that at any time afterward, and after the expiration of the six months, upon amendment of the petition, any creditor or incumbrancer may be made a party defendant, and the lien be enforced against him.

We can not adopt this as the true construction of this 28th section of the statute, but think it to be otherwise; that the person against *whom* the suit must be instituted within the time limited is the one against whom the right of lien may be asserted; that the suit must be instituted against the *creditor* or *incumbrancer* within the six months; that such interpretation accords with the rule of strict construction which has ever been applied to this and like statutes; and where suit is commenced to enforce the lien against the owner, and afterward, upon amendment of the petition, a creditor or incumbrancer is made a party defendant to the suit, that the suit can not be considered as having been commenced against such creditor or incumbrancer until he was so made a party defendant.

In *Miller* v. *McIntyre*, 6 Pet. 61, a suit in equity to enforce a trust in land, after the original bill was filed it was amended, and new parties defendant were brought in, who set up the statute of limitations, the period of which had

elapsed between the time of filing the original bill and the making of the new defendants parties. The court sustained the defense, and, in delivering judgment, said:

" It is insisted that the amended bill filed in 1815, by which the defendants were made parties to the bill, has relation to the commencement of the suit in 1808, and, consequently, that the statute can not bar, as its limitation had not then run.

" Until the defendants were made parties to the bill the suit can not be considered as having been commenced against them. It would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice, and where a final decree in the case could not have prejudiced their rights."

All the authorities are this way. *Brown* v. *Goolsby*, 34 Miss. 437 ; *Gorman* v. *Judge, etc.*, 27 Mich. 140 ; Ang. on Lim., 6th ed., sec. 330 ; Story's Eq. Pl., sec. 904.

This court has repeatedly held that in suits of this character the rights of a person who was not made a party to the suit are not affected by the decree or any proceeding under it. *Kelly* v. *Chapman*, 13 Ill. 534 ; *Williams* v. *Chapman*, 17 id. 423 ; *Lomax* v. *Dore*, 45 id. 379.

Stress is laid upon section 12 of the act, as supporting appellant's construction, which provides that all persons interested in the subject matter of the suit may, on application to the court, be made or become parties at any time before final judgment. We fail to perceive that this contains any implication that, in case of one so made or becoming a party to a pending suit, the suit is to be considered as having been commenced against him from the beginning, or at any time prior to his being made a party. This proceeding under the statute is made a chancery proceeding, and this provision in section 12, as to making or becoming parties, really adds nothing to what, without it, would have been within the exercise of the ordinary power in chancery practice to grant.

The case of *Work* v. *Hall*, 79 Ill. 196, cited as being in support of appellant's construction, we do not so regard.

28          DUNPHY v. RIDDLE et al.          [Sept. T..

Opinion of the Court.

We fail to perceive any aid to appellant from the sugges-
tion that the proceeding is one *in rem*.   It is not a proceed-
ing *in rem* in any such sense, as that it is one binding on all
the world, and that the decree therein binds or affects the
rights of those not made parties to the suit.   We do not
see that it is any more a suit *in rem* than one to foreclose a
mortgage, or to enforce a vendor's lien; or that it to any
greater extent should affect persons not made, or until made,
parties to the suit.

It appears in the case that after the mortgage from
Riddle to Gallaher on April 30, 1874, namely, on July 1,
1874, in consideration of an independent indebtedness of
$5,000, Riddle and his wife, by their quitclaim deed,
conveyed the same premises to Gallaher in fee simple.   It
is contended that, by this, Gallaher's interest as mortgagee
was merged in his estate as grantee, and the mortgage was
extinguished.

"If a party acquires an estate upon which he has an in-
cumbrance, the incumbrance is, in equity, considered as
subsisting or extinguished according to his intention, ex-
pressed or implied.   The intention is the controlling
element.   If no intention has been manifested, equity will
consider the incumbrance as subsisting or extinguished, as
may be most conducive to the interest of the party."
*Campbell* v. *Carter*, 14 Ill. 286.   And see *Edgerton* v.
*Young*, 43 id. 468; *Fowler* v. *Fay*, 62 id. 375.   There
was nothing evincive of any intention to merge the estates
or extinguish the mortgage, more than the transaction itself.
The mortgage or note was not cancelled or given up, but
were kept and produced in evidence by Gallaher on the
hearing.   There was clearly no merger, or extinguishment
of the mortgage.

Appellee Gallaher assigns as a cross-error the ordering of
the sale of his interest as *purchaser* under his quit-claim
deed of July 1, 1874.

He contends that under the 28th section in question he is
entitled to protection as *purchaser* as well as mortgagee.

The section does not mention purchaser or purchase, but

" creditor or any incumbrance " only ; and although we can perceive no good reason why a mortgagee should be thus protected, and a purchaser not be protected, still we do not feel warranted to go beyond the words of the statute, and by an equitable construction embrace a class not named. A purchase can not properly be included in the term " incumbrance."

We regard the decree as right, and it is affirmed.

*Decree affirmed.*