JAMES McGRAW *et al.*

*v.*

ELIZABETH M. BAYARD *et al.*

*Filed at Ottawa September 25, 1880.*

1. MECHANIC'S LIEN—*a chancery proceeding.* A suit to enforce a mechanic's lien is substantially a chancery proceeding, and is governed by the chancery practice. This is so in respect to necessary parties.

2. Same — *limitation as against other creditors.* No creditor under the Mechanic's Lien law will be allowed to enforce his statutory lien as against any other creditor unless suit be brought for that purpose within six months after the payment for labor or materials shall have become due and payable; and unless the creditor whose rights are sought to be affected is made a party to the proceeding within the six months the lien can not be enforced as against him, although the suit may have been brought against others in time and he be subsequently made a party by amendment.

3. Where the owner of property, after settlement of the amount due for the building of houses on the same, made notes payable to his own order, secured by a deed of trust on the same property, which was duly recorded, and he negotiated and assigned such notes to raise a large sum of money, it was *held,* that the holder of those notes was a necessary party to a proceeding to enforce a mechanic's lien for labor and materials in improving the property, and not being made a party thereto within six months after payment was due for the labor and materials, the proceeding as against him was barred.

4. Same — *waiver of—estoppel.* Where, after the completion of certain houses on lots, and after trust deeds by the owner of the property had been executed and recorded, and where it was anticipated that the owner would succeed in negotiating a loan upon the faith of such trust deeds, the mechanics had a settlement with the owner, and having accepted the notes of the owner for a part of their claim, and sold and assigned such notes to third parties, they accepted from the owner a warranty deed conveying to them real estate at a price greater than the balance due them, to be in discharge of this demand, and placed such deed upon record, and made their note to the owner for the excess in the price of the land so conveyed, and placed the same as an escrow in the hands of a third person, to be delivered on the removal of certain incumbrances on the property, and the mechanics at the same time were aware of the fact that the owner was trying to negotiate a loan, and made no objection thereto, it was *held,* that the mechanics by their acts and conduct were estopped from insisting that the lien of a party loaning money to the owner under the trust deed was subordinate to their mechanic's lien.

5. Parties — *trustee and cestui que trust.* The general equity rule is that all persons interested in the subject matter of the litigation must be made parties in order that the decree may affect their rights, and this rule requires that both the trustee and *cestui que trust* be made parties in suits respecting the trust property.

6. Same — *exception to rule.* There is an exception to this rule, when the trust is an active one, imposing on the trustee the duty of receiving, controlling and managing the trust fund for the benefit of the *cestui que trust.* But when a trustee is interposed between a lender and borrower of money merely for the purpose of enabling the lender to obtain payment through the exercise

by the trustee of powers conferred upon him by a mortgage or deed of trust, and the trustee can only be called upon to act in case of default of the grantor in performing the conditions of the contract, both trustee and the *cestui que trust* must be made parties.

APPEAL from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook county, the Hon. E. S. WILLIAMS, Judge, presiding.

On the 26th day of May, 1876, appellants filed in the circuit court of Cook county their petition for a mechanic's lien upon certain lots in the city of Chicago, alleging the making by them of a verbal contract, on July 31, 1875, with S. S. Hayes, the owner of the lots, for the doing of work and the furnishing of materials for the erection of brick dwellings, to be completed before January 1, 1876. They further alleged the work was completed about December 1, 1875, and a settlement had with Hayes, at which there was found to be due them the sum of $6000, and as this amount had not been paid them they claimed a lien upon the lots. They further alleged that on December 1, 1875, Hayes executed three deeds of trust to George W. Smith, upon the lots, to secure the payment of certain promissory notes, payable to his own order, which trust deeds were recorded December 3, 1875; but appellants averred their lien was prior to the lien created by the trust deeds. Hayes and wife, Smith, the trustee, and several other persons were made parties defendant to the petition; but not Bayard.

Answers were filed and proofs were taken before the master, by which it appeared that before and at the commencement of these proceedings Robert Bayard was the assignee and holder for value of all the notes mentioned in the trust deeds to Smith, and that these notes on their face were payable to the order of Hayes, the maker thereof.

On July 9, 1877, by an amendment to the petition, Bayard was made a party defendant to the suit.

Upon final hearing the circuit court entered a decree de-

claring the lien of appellants subordinate to that of Bayard under the trust deeds, and directing a sale subject thereto. From that decree appellants appealed to the Appellate Court for the First District, and assigned for error the action of the court below in postponing their lien to that of Bayard. The Appellate Court affirmed the decree of the circuit court, and from that judgment of affirmance this appeal is prosecuted.

Mr. Geo. Scoville, for the appellants, after stating the facts and pleadings in the case, made the following points:

The only question in the case now presented to the court is, whether the lien of appellants should be postponed to that of the deeds of trust to George W. Smith. Of course the only ground upon which that can be claimed is, that the *cestui que trust* was not made a party to the suit, " within six months after the last payment for labor and materials became due and payable," as required by the statute. It is said that here was an "incumbrance" upon the premises, to-wit: the trust deeds, against which the lien of appellants could not be enforced, " unless suit be instituted to enforce such lien within six months," as aforesaid; and that the institution of such suit against the trustee alone does not take the case out of the limitation of the statute; that the real party in interest under the "incumbrance," and, consequently, the one against whom the suit must be instituted within six months, is the person who holds the notes secured by the deeds of trust.

If the *cestui que trust* is known in such a case as this he must be made a party to the suit within the six months, to affect his rights under the trust deed. But the question here presented is, whether the lien-holder is bound to search for and discover every " other creditor," and every person interested in every incumbrance upon the premises and make him a party or lose his lien.

It will be admitted that no person should be required to do an impossible act to maintain his statutory right, and the statute should not be so construed, if it is capable of a differ-

ent construction, as to deprive the lien-holder of his rights under the statute. The difficulties and hardship of finding the various holders of notes secured by deed of trust and payable to the maker's order are obviated by applying the additional rule in the construction of section 28 of the lien law, that holders of secret liens need not be made parties. The trustee should be held to answer for the *cestui que trust* when the latter conceals his name and personality.

In construing this statute, the courts have been guided somewhat by equity rules and practice in relation to parties. The suit being a chancery proceeding, the courts have looked at chancery precedents, and the authorities cited have been drawn largely from that source. As in equity it is held that all parties interested in the subject matter of the controversy shall be made parties to the suit, and as the trustee can not usually answer for the *cestui que trust*, and the latter, as the real party in interest, is required to be brought in when discovered, before the court will make final disposition of the case ; so in this proceeding, even if there were no statute, the court would require mortgagees, trustees and beneficiaries, interested in the premises, whenever that interest appeared, to be made defendants. That is a proper thing to do, and the court has full power to do it, apart from the statute.

A remedial statute, if subject to two constructions, should be so construed as to save the remedy. *Rockford, Rock Island and St. Louis Railroad Co.* v. *Heflin,* 65 Ill. 366.

Mr. JOHN M. GARTSIDE, for the appellees:

Appellants waived their lien. A lien once waived can not be re-established.

It is insisted that petitioners (appellants) have waived and extinguished all right of lien, if any ever existed, and for the following reasons:

1. By accepting and negotiating the notes of Hayes, in the sum of $2,000.

2. By accepting the warranty deed of Hayes and wife, in the payment of $3,000.

3. By the renewal of the notes by Hayes with the holders and assignees.

4. By their failure to repossess themselves of the notes and judgments thereon, during the life of the lien, as against creditors and incumbrancers, to-wit: within six months.

5. By their conduct.

The negotiation of notes accepted by the contractor of the owner of the premises improved, is and should be, it seems to us, an absolute waiver of the right of lien. *Teaz* v. *Christie*, 2 E. D. Smith, 631; *Scott* v. *Ward*, 4 Ia. 112; *Hawley* v. *Ward*, 4 Ia. 39; *Green* v. *Fox*, 7 Allen 88.

There is nothing in the adjudged cases, nor in the elementary works, hostile to the theory that the lien of the mechanic may be extinguished or waived by implication arising from the conduct of the parties, as well as by express agreement.

What constitutes a waiver must be determined from the circumstances of each particular case, it being essentially a question of intention; such intention implying either an actual determination of the lien holder to surrender the right, or such acts on his part that the public may reasonably suppose he had waived his security of lien, in which latter case he would be estopped from asserting it. *Grant* v. *Strong*, 18 Wall. 623; *Scott* v. *Robinson*, 21 Ark. 202; *Doub* v. *Barnes*, 4 Gill, (Md.) 1; Phillips on Mechanic's Liens sec. 280; *Gorman* v. *Sagner*, 22 Mo. 137.

Appellants are estopped from asserting a right of lien, as against Bayard. They, by their conduct, induced persons to believe they were paid and their lien discharged, or at least to induce others to believe that the deed of trust was given with their consent and approbation. See *Cairncross* v. *Lorimer*, 3 Macq. 827; *Stevens* v. *Dennett*, 51 N. H. 336; *Drew* v. *Kimball*, 43 N. H. 282; Bigelow on Estoppel, (2d ed.) p. 453, note 1. Washburn on Real property, (4th ed.) Vol. 3, p. 78; *Quirk* v. *Thomas*, 6 Mich. 78; *Mitchell* v. *Reed*, 7 Cal. 204.

The suit was not commenced against Bayard, the incumbrancer, within the statutory limitation. R. S. 1874, p. 668, sec. 28; *Dunphy* v. *Riddle*, 86 Ill. 26.

Robert Bayard, being the *cestui que trust*, in the trust deeds of Hayes and wife to George W. Smith, trustee, was a necessary party to a suit to enforce a mechanic's lien. Phillips on Mechanic's Liens, sec. 395, citing *Hauser* v. *Hoffman*, 32 Mo. 334; *Christine* v. *Manderson*, 2 Penn. 363; *Raymond et al.* v. *Ewing et al.* 26 Ill. 343; *Williams* v. *Chapman*, 17 Ill. 424; *Kimball et al.* v. *Cook*, 1 Gilm. 427; *Kelly et al.* v. *Chapman*, 13 Ill. 534; *Steigleman* v. *McBride*, 17 Ill. 352; *Lomax* v. *Dore*, 45 Ill. 379; *Greenleaf* v. *Beebe*, 80 Ill. 523; *Phillips* v. *Stone*, 25 Ill. 67.

Mr. George W. Smith, also for the appellees:

The *cestui que trust* should have been made a party within the six months. This position is *stare decisis*. *Dunphy* v. *Riddle*, 86 Ill. 26; *Crowl* v. *Nagle*, id. 440; *Scanlan* v. *Cobb*, 85 id. 296; *Gaytes* v. *Franklin Savings Bank*, id 256.

The rule of convenience is very often invoked; it would seem sometimes to be treated as a reserve, to fall back upon when all else fails. It can, of course, have no force as against the provisions of a statute. It is peculiarly misapplicable as related to the "lien" act, which selects a "privileged" class, and is in "derogation of the common law."

But the difficulties which counsel suggests, do not in fact exist.

The action of petitioners precludes them from asking relief as against appellees.

While neither Robert Bayard, nor Smith, as his attorney, knew McGraw or Downey, when the notes were taken in April, 1876, and when the moneys were advanced, yet the authority given to Hayes enures to the benefit of the former.

Hayes was permitted to procure the loan upon the faith of the security which he offered. In the fruits of this loan ap-

pellants expected to participate.    They looked to Hayes then, and must look to him now.

Hayes would not have asked for the loan if he had not been authorized.

If he had not asked, it would not have been made.    McGraw and Downey, were, therefore, privy to the solicitation of the loan, and should be held bound by the representations upon which it was procured.

Mr. Chief Justice Dickey delivered the opinion of the Court:

This court has repeatedly held that suits to enforce mechanics' liens are substantially chancery proceedings, and are governed by the rules of chancery practice.    *Hamilton* v. *Dunn*, 22 Ill. 259; *Lomax* v. *Dore*, 45 id. 380; *Clarke* v. *Boyle*, 51 id. 105.

The general equity rule is, that all persons interested in the subject matter of a suit must be made parties in order that the decree may affect their rights, and this rule requires that in litigation had in respect to trust property, both the trustee and the *cestui que trust* be made parties.    There is an exception to this where the trust is an active one, imposing on the trustee the duty of receiving, controling and managing the trust fund for the benefit of the *cestui que trust*. Such is the case of *Willis* v. *Henderson*, 4 Scam. 18.    But where a trustee is interposed between a lender and a borrower, merely for the purpose of enabling the lender to obtain payment through the exercise by the trustee of powers conferred upon him by a mortgage or a deed of trust, and the trustee can only be called upon to act in case of default of the grantor in performing the conditions of the instrument, both trustee and *cestui que trust* must be made parties. Such is the case of *Scanlan* v. *Cobb*, 85 Ill. 296.

The Mechanics' Lien law provides that no creditor shall be allowed to enforce his statutory lien, as against any other creditor, unless the suit be instituted to enforce such lien

within six months after such payment for labor or materials shall become due and payable, and we have construed this law to mean that unless the creditor whose rights are sought to be affected is made a party to the proceeding within the six months, the lien can not be enforced as against him, although the suit may have been commenced within the six months and he subsequently made a party by an amendment to the petition. The time of his being made a party must be regarded as the time of the commencement of the suit as to him. *Dunphy* v. *Riddle,* 86 Ill. 22; *Crowl* v. *Nagle,* id. 437.

In the case at bar, Bayard was the assignee and holder of the notes secured by the deeds of trust to Smith, and the trust falls within the class in which the *cestui que trust* is deemed a necessary party, and not having been made a party within the six months, the lien can not be enforced as against him, unless the circumstances of the case take it out of the general rule above stated.

Counsel for appellants earnestly contends that, as the name of the holder of the note was unknown, and could not be ascertained from the deeds of trust,—under such circumstances, his being made a party ought to be dispensed with; or that the lien should be enforced against him, if he is made a party as soon as by the pleadings or evidence his name is disclosed, and that the six months limitation by law ought not to be construed to apply in behalf of holders of secret liens, as such a construction would render the enforcement of a mechanic's lien extremely difficult, and in many cases impossible.

Appellants knew when they instituted their proceedings, in May, 1876, that the deeds of trust to Smith had been executed and placed upon record. They were well aware that Hayes had been trying to negotiate a large loan by means of these deeds of trust upon the very property upon which they now claim a prior mechanic's lien. They not only made no objections thereto, but repeatedly called on Hayes to learn

whether he had effected this loan, (for from the proceeds of that loan it was anticipated, both by Hayes and the petitioners, that Hayes would be able to pay off the incumbrance upon the property the petitioners were buying from him, and also to pay off the notes Hayes had given to them, and which they had sold, and also to pay to them, in cash, the residue of their claim for work and materials.)    We are warranted by the proofs in saying that Hayes consummated this loan upon these trust deeds to Smith with the approbation, if not at the instance, of petitioners.    They must have believed that the loan had probably been consummated, and they certainly had such notice as put them on inquiry as to the existence of the debt, and as to the holder of the paper.    By inquiry of either Hayes, or Smith, the trustee, they would have learned that Bayard had become a creditor under these trust deeds, and could, and should, have made him a party in apt time if they wished to postpone his lien to theirs.    Under the circumstances, we think, Bayard had good ground to insist that the proceeding against him was barred before any steps were taken to make him a party.

Our attention is called to the fact that these notes held by Bayard are payable on their face to the order of the maker, and it is suggested that when the holder of real estate executes a deed of his land to a trustee, to secure notes therein described which are payable to his own order, he does not thereby create any lien upon his property,—for, notes payable to the order of the maker are mere nullities, so long as he holds them, and until he has endorsed and delivered them to another.    It is suggested that the recording of such a deed of trust is not constructive notice to any one that a valid lien has been imposed upon the property in question, and that the recording of such a deed of trust ought not to be construed to be anything more than notice merely that the maker expects to create a debt of a given character and amount to some one unknown, and that such debt when created is to be a lien upon the property in question.

It is not necessary in this case to decide whether the mere record of a trust deed, made to secure notes payable to the order of the maker, should be regarded of itself notice sufficient to impose upon a subsequent purchaser or other stranger to the proceedings the duty of inquiring of the maker of the notes whether they had been endorsed. Nor is it necessary to decide whether a subsequent purchaser under such circumstances might safely buy the land in question, or take other action where upon such inquiry he was informed by the maker and made to believe that the notes had not been assigned, in a case where the notes had, in fact, been sold for value, and indorsed to a *bona fide* holder. That precise question is not presented here.

In this case there really seems good ground to hold that appellants are estopped from insisting that the lien of Bayard, under the Smith trust deeds, is subordinate to their mechanic's lien. After all the work upon these houses was done, and after the trust deeds to Smith had been executed and recorded, and when it was anticipated that Hayes would succeed in negotiating a loan upon the faith of these trust deeds, appellants had a settlement with Hayes, and having accepted the notes of Hayes for $2000 of their claim, and sold and assigned these notes to third parties, they accepted from Hayes a warranty deed conveying to them real estate at the agreed price of $9000, to be in discharge of $3000, of their claim, and placed this conveyance upon record, and at the time of accepting this warranty deed from Hayes they made their promissory notes to Hayes, for the sum of $6000, as the balance of the purchase money, and placed this note in escrow, in the hands of a third party, to be delivered to Hayes as soon as he should remove certain incumbrances from the land so conveyed to them by Hayes,—and these encumbrances were less in amount than the amount of the note thus held in escrow. While matters were in this condition, it is shown that petitioners were well aware that Hayes was trying to negotiate a large loan upon this property, upon

which they now claim a prior lien.   As already said, they not only made no objection thereto, but repeatedly called upon Hayes to learn whether he had effected this loan, and, as already suggested, the loan was effected with their approbation, and the money advanced upon these deeds.   By their conduct in this regard appellants substantially said to the public that their right to a mechanic's lien upon the property was, in fact, waived; that when the liens upon the property purchased by them from Hayes should be removed, their claim would be satisfied.   And, to secure the performance of that duty by Hayes, their note for $6000 was held by a third party, and was not to be delivered until these encumbrances were removed.   Bayard and his agents, in a negotiation for the loan of this money upon these trust deeds, had a right, from the circumstances, to assume that that was the truth. Appellants thus put it in the power of Hayes to induce them to believe, without misrepresentation, that Bayard, by advancing the money, was acquiring a first lien upon the property.

It may well be that, as between appellants and Hayes, the transaction was such that, upon the failure of Hayes to remove this encumbrance upon the property purchased by appellants, they had a right to rescind the whole transaction, and thereby rescind their apparent waiver of their mechanic's lien, and as against Hayes to prosecute their lien upon this property.   This, however, does not affect the relative rights of Bayard as against appellants.

Under all the circumstances, we hold that the Appellate Court was right in postponing the lien of appellants to that of Bayard, and declaring it subordinate thereto.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

SCOTT, J.: I concur in the decision in this case, but not in all of the reasoning of the opinion.