PATRICK R. BANNON, IMPL'D, ETC.

v.

H. L. THAYER ET AL.

*Mechanic's Lien—Parties—Trust Deed—Foreclosure.*

1. In a proceeding to enforce a mechanic's lien on property covered by a trust deed, the holder of the notes secured thereby and the trustee should be made parties defendant, or such ho'der will not be bound.

2. In the case presented, the evidence shows that the holder of the lien was in possession of facts as to the ownership of the note sufficient to put him on inquiry.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Will County; the Hon. DORRENCE DIBELL, Judge, presiding.

Messrs. HALEY & O'DONNELL, for appellant.

Mr. C. W. BROWN, for appellees.

LACEY, J.  This was a bill in equity commenced by appellee against appellant to foreclose a certain trust deed dated May 8, 1882, executed by James Beanly and wife to George Woodruff, trustee, conveying to said Woodruff certain lots in the City of Joliet in trust to secure the sum of $1,000, represented by a promissory note executed by said Beanly to himself, of the same date, with interest at the rate of eight per cent. per annum, and by him indorsed to Miss A. I. Wheeler.  Beanly borrowed the money.  The note was due three years after date with the interest payable semi-annually.  The mortgage was duly recorded of the date it bears date.

The said trust deed provided that in case of the death of the said Woodruff, trustee, then H. L. Thayer should be his successor in trust; and said Woodruff died October 26, 1882, whereby the trust devolved on Thayer.  The note was indorsed to Charles Thayer, but was the property in fact of appellee.  The defense set up to the foreclosure by the appellant was ownership of the property by paramount title to it,

by virtue of a master's deed duly executed to him, he being a purchaser of the property at master's sale, which was had by virtue of a decree of the Will County Circuit Court, rendered in a mechanic's lien suit wherein appellant was complainant, and James Beanly, Ann Beanly and George Woodruff were defendants; that after the commencement of the proceedings, George Woodruff died ; that whatever interest appellee had to the property was subject to the rights of Bannon, the appellant. The mechanic's lien foreclosed by appellant against James Beanly was for lumber and material for building two buildings on the real estate in question, the amount thereof being $790.48, was a lien on the property prior to the execution of the trust deed. At the time the mechanic's lien suit was commenced James Beanly had become insane. Appellee became the purchaser of the note in this suit after the decree in the mechanic's lien suit was rendered, from Miss Wheeler. Neither Miss Wheeler, the holder of the note, nor appellee was made party to the mechanic's lien suit. The question presented in this record is, was the mechanic's lien foreclosure binding on Miss Wheeler, the then holder of the note, she not having been made a party to the foreclosure suit, and after the death of Woodruff appellee not being made a party. Unless there was something exceptional in this case to take it out of the operation of the general rule, the holder of the note secured by the trust deed would not be bound by the decree in the mechanic's lien foreclosure. In such case the appellant's lien, by virtue of the mechanic's lien law against the note in question, would be lost, as more than six months had expired after the money for the materials had become due, and before the holder of the note secured by the trust deed had been made a party or before this suit was commenced. Dunphy v. Riddle, 86 Ill. 22 ; McGraw et al. v. Bayard, 96 Ill. 146. In the last above cited case it is held that in a case where the trustee is the mere agent to collect the note described in the trust deed, both the *trustee* and the *cestui que trust* must be made parties where their interest in the real estate is sought to be affected, otherwise their rights will not be affected by the foreclosure. In this case neither appellee was made a party after the death of Woodruff nor Miss Wheeler, the then owner of the note.

Unless there is something in this case that would take it out of the operation of the general rule, the decree of the court below should be affirmed. Counsel for appellant admits this, but he insists, however, that the appellant was excused from not making them parties, for the following reason: appellant was not in possession of facts that would reasonably put him on inquiry that Miss Wheeler was the holder of the note, nor did he know it, as a matter of fact.

We do not think that this excuse is available. The appellant had heard that the note, although payable to Beanly, had been indorsed or transferred by him for borrowed money, and he so far recognized the fact as to make Woodruff, the trustee mentioned in the trust deed, a party. The trust deed itself was on record, and was seen by the appellant's attorneys before the suit was commenced. This disclosed that appellee was also named trustee in the event of Woodruff's death.

Under the circumstances, the appellant should have inquired of appellee, as well as Woodruff, if the latter did not give the desired information. He could have inquired of Mrs. Beanly, who was one of the signers of the trust deed, and the fact that he was not on good terms with her would not excuse him. He could have procured his attorneys to make the inquiry. Then, if Beanly himself had been asked about it, he might not have been so insane but that he could have given the information. The person who took the acknowledgment of the deed was not inquired of. After the death of Woodruff, appellee became, by virtue of the trust deed, the trustee; the case had not yet proceeded to decree, and the appellee should have been made a party. If the *cestui·que trust* could not have been ascertained, then she might have been made a party, under Sec. 9, Chap. 22, R. S., by the name of the " unknown holder of the note described in the trust deed." None of these things were done, the appellant and his attorneys seeming to think that it was sufficient if the trustee, at the time the suit was commenced, was made a party.

Seeing no reason for any exception in this case to take it out of the operation of the general rule, the decree is affirmed.

*Decree affirmed.*