COLUMBIA BUILDING AND LOAN ASSOCIATION
v.
WILLIAM H. TAYLOR.

*Mechanic's Lien—Trust Property—Parties.*

Both the trustee and the *cestui que trust* are necessary parties to a proceeding to enforce a mechanic's lien involving trust property.

[Opinion filed March 6, 1888.]

Appeal from the Circuit Court of Cook County; the Hon.
Cyrus Epler, Judge, presiding.

Mr. Julius Goldzier, for appellant.

The incumbrance for the benefit of this appellant was by a
trust deed, in which Philip Maas was trustee. Maas was not
a party to the original bill, nor was he ever made a party by
amendment. It has been held repeatedly, both by this court
and the Supreme Court of this State, that both the trustee
and the *cestui que trust* are necessary parties to this proceed-
ing. Lomax v. Dore, 45 Ill. 379; Phœnix Mutual v. Batchen,
6 Ill. App. 621; Scanlan v. Cobb, 85 Ill. 296; Clark v. Man-
ning, 95 Ill. 580; Bayard v. McGraw, 1 Ill. App. 134.

The trustee having the legal title is a necessary party.
Story's Equity Pleading, Sec. 207.

While it may be objected that the trustee has but a naked
title in the premises, and no real interest, the fact still remains
that the fee simple title, in law, rests in him, and it is hardly
conceivable how proceedings, that must ultimately culminate
in divesting the title to land, and by sale transferring it, can
be carried on without making the holder of such legal title a
party to the proceedings.

Besides, the statute makes it obligatory that every one who
has a legal or equitable title should be made a party to a lien
proceeding. R. S., Ch. 82, Sec. 13; Race v. Sullivan, 1 Ill.
App. 94.

Messrs. Frank McWinnie and S. A. French, for appellee.

McAllister, J. This was a proceeding by petition, filed
March 5, 1884, by Taylor, the appellee, against Bush, as the
owner, and the Columbia Building and Loan Association, the
appellant, as incumbrancer of certain real estate described
in the petition, for the enforcement under the statute of a
mechanic's lien for work and materials done and furnished by
the plaintiff in the erection by him of a building upon such
real estate for the defendant, Bush, under a written contract

between the parties last mentioned, made June 6, 1883, and oral modifications of the same, by which said building was to be completed by the plaintiff and ready for occupancy by August 25, 1883, for which, by the original contract, said Bush was to pay plaintiff the sum of $2,950 in payments as the work progressed, and any balance upon completion of the work; the petition alleging that there was a balance due, at the time of such completion, which was September 8, 1883, of $699.30, which plaintiff claimed with interest, and for which he prayed a lien.

The defendants answered separately, to which plaintiff filed general replications. The cause was heard upon pleadings and proofs and a decree passed finding the balance due to be $382.84; that plaintiff was entitled to interest thereon at the rate of six per cent. per annum from December 15, 1883, making in all the sum of $810.70, for which petitioner was entitled to a lien upon the lot described in the petition. From that decree the said Building and Loan Association appeals to this court.

It appears that the said Building and Loan Association set up in its answer that May 21, 1883, the said Bush, to secure the repayment of a loan from said company of $3,000, executed a trust deed May 21, 1883, of the premises described in said petition, in the usual form, to one Philip Maas, as trustee, thereby conveying the legal title in said premises to him, which deed was duly acknowledged and filed for record in Cook County where said land was situate, June 5, 1883. The answer averred that at the time of filing said petition, there was lawfully due and still owing to said Building and Loan Association from said Bush upon said loan, the sum of $2,770-.71, for which said trust deed was held as security.

The answer also set up that the said sum claimed by the plaintiff became due upon the completion of said building, and that the same was completed and said sum due and payable by the original contract more than six months prior to the filing of said petition, relying upon the statute in such case made and provided.

Several points for reversal have been insisted upon by appel-

lant's counsel, but after a careful consideration of the case, we think none are sustainable except that of a defect of parties. The bill made the *cestui que trust*, under the trust deed, a party. It should also have made the trustee, in whom the legal title was vested, a party. The rule is inflexible in such a case as this, that both the trustee and *cestui que trust* should be made parties. Phillips on Mech. Liens, Sec. 394, and cases in notes; McGraw v. Bayard, 96 Ill. 146.

What effect the circumstance that the *cestui que trust* was made a party in the first instance, may have upon the question of the Statute of Limitations, if the trustee be made a party after the lapse of six months from the time the money was due from Bush, we do not feel called upon, at this stage of the case, to discuss or determine.

For the reason stated, the decree must be reversed and the cause remanded.

*Decree reversed.*