## Atlantic Dynamite Co. v. Baltimore & O. S. W. R. R. Co. et al.

1. RAILROADS—*What Principles are Applicable to Liens upon*—The specific requirements for a mechanic's lien do not apply to the statute providing for liens upon railroads, but the general principles applicable to liens, when not modified by statute, do apply.

2. LIENS—*Remedies for Enforcement.*—Liens are enforceable in equity unless the law has provided for another mode, and this is true of all statutory liens, except in all cases where the lien is in the nature of a pledge and possession accompanies the lien.

3. SAME—*Statute in Reference to Liens on Railroad Must be Strictly Followed.*—The right to liens upon railroads is statutory, and like mechanic's liens, the provisions of the statute must be strictly followed.

4. CHANCERY PRACTICE—*Parties Brought in by Amendment in Suits for Liens.*—Suits as to parties brought in by amendment is begun only from the time of amendment, so far as the rights of parties are involved having liens on the property sought to be held by such suit.

**Bill for a Lien.**—Appeal from the Circuit Court of Richland County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed March 3, 1902.

JOHN LYNCH, JR., attorney for appellant.

VAN HOOREBEKE & LOUDEN, attorneys for appellees.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

This is a petition for a lien under that part of Chap. 82, Hurd's Stat., Ed. of 1899, entitled " Liens upon Railroads," to enforce the payment of a balance due appellant as sub-contractor, for material furnished Dorwin, Young & Co., who were original contractors with the receivers of the Baltimore & Ohio Southwestern Railway Company, to repair and reconstruct a part of said railroad in the counties of Richland and Lawrence in the State of Illinois, and at certain points in Indiana. The original contract was made May 22, 1899. A verbal contract for the material for which a lien is sought to be enforced, was made about October 1, 1899, and the material furnished after that date. It

amounted to $1,408.18, upon which a payment of $300 was made February 13, 1900. Dorwin, Young & Co. failing to pay the balance, appellant claims to have terminated the contract on that date. On February 26, 1900, appellant filed with the clerk of the Circuit Court of Richland County a notice of a railroad lien, and the clerk on that day mailed a copy of the same to the president of the Baltimore & Ohio Southwestern Railroad Co., to his address in the city of New York. This latter company, the B. & O. S. W. Railroad Co., subsequent to the contract of Dorwin, Young & Co. with the receivers of the B. & O. S. W. Railway Co., but before the contract was made and the material was furnished by appellant, had succeeded to the title and ownership of the property of the B. & O. S. W. Railway Company.

The original petition was filed March 27, 1900, against the railroad company and N. D. Pound, receiver of Dorwin, Young & Co. To this petition an answer was filed by the railroad company April 9, 1900, and an amendment to the answer November 12, 1900. After filing the original petition, the receiver of Dorwin, Young & Co. abandoned the work, and it was completed by the railroad company. In consequence of this, the petition, on December 28, 1900, was amended to correspond with the changed conditions, and an amendment to the answer was filed April 9, 1901.

The answer of Dorwin, Young & Co. was filed at the request of their counsel, by appellant's counsel, April 17, 1901. They were not made parties to the original petition, and appear first as parties by their answer thus filed.

The petition as amended, after stating in substance the contract of Dorwin, Young & Co. with the B. & O. S.W. Railway Co., for the repair, etc., of its road, states in substance that on October 1, 1899, petitioner contracted with Dorwin, Young & Co. to furnish them with dynamite, etc., for said repair and reconstruction, and that by virtue of said contract petitioner furnished large quantities of dynamite, etc.; that on February 13, 1900, Dorwin, Young & Co. paid petitioner $300, and that petitioner terminated the contract.

It avers that neither the president nor secretary of the railroad company could be found in either Lawrence or Richland county, or in the State of Illinois, and that a notice of lien was filed with the clerk of the Circuit Court, on February 26, 1900, being within twenty days of the termination of the contract, which notice is attached and made a part of the petition, and avers that a copy of said notice was mailed by the clerk to the president of said railroad. It avers that subsequent to the filing of the original bill, Dorwin, Young & Co. abandoned their contract, and that it was being completed, a part by said railroad company, and a part by one N. D. Pound, or N. D. Pound and Company, or by N. D. Pound, receiver, by virtue of some arrangement to petitioner unknown, and that the suit of petitioner to enforce a lien against said railroad being prior to all other suits, that under the statute it was necessary to give notice to all other parties interested, etc. The amended petition therefore makes the railroad company, N. D. Pound, receiver of Dorwin, Young & Co., Abner T. Young, Wm. E. Dorwin, Michael Reilly, and all parties interested under the contract of Dorwin, Young & Co. with the railroad company, parties defendant. It prays that a lien may be decreed, and for summons, etc., for parties defendant.

The answer denies each and every material allegation; denies that any money was due Dorwin, Young & Co. at the filing of the bill; denies that petitioner is entitled to a lien and denies that petitioner has complied with the statute, and avers that " the proceedings, notices and steps taken by the petitioner are wholly insufficient in law to charge the property with a lien."

The answer further avers that Dorwin, Young & Co. failed to complete their contract, and that it is still unfinished and incomplete. It further avers that said contract not having been completed, that petitioner has failed to make Dorwin, Young & Co. and all parties interested and entitled to liens, if any, parties to this proceeding, and has failed to give notice to such parties as required by statute.

The answer further avers that at the time of filing the

notice by petitioner, defendant owed Dorwin, Young & Co. nothing, but instead thereof, that firm owed defendant $15,000.

It avers that the aggregate of all the liens under the contract with Dorwin, Young & Co. could not, under the statute, exceed the amount to be paid under such contract, and that it has already, before notice of the claim of petitioner, paid on liens upon its property a sum greater than it was to pay on said contract, and that nothing remains to be paid on such contract, but that Dorwin, Young & Co. is indebted to the railroad company in the sum of $15,000 paid in the discharge of liens.

It avers that Dorwin, Young & Co. are necessary parties, and denies the right of petitioner to a lien upon the facts alleged in its petition; and prays for the same advantage for its answer as if it had pleaded or demurred to the petition.

The answer was amended by alleging that all the property, etc., of said railroad was incumbered by mortgages, etc., giving the place and page where they are recorded, at the time the bill was filed, which mortgages are still unpaid and the holders of said mortgages, etc., are necessary parties to the cause.

A second amendment avers that after the abandonment of the contract by Dorwin, Young & Co. said railroad company completed the contract, at an expense exceeding the contract price, which amount so expended was due.

It further pleads the statute of limitations, averring that Dorwin, Young & Co. and the mortgagees, etc., were necessary parties and were not made parties within the time required by law.

Dorwin, Young & Co. answered, admitted that $1,108.18 was due petitioner, and neither admitting nor denying the other allegations of the petition.

The railroad company executed two mortgages to the Farmers Loan & Trust Co., with W. H. H. Miller, trustee, one on June 1, 1899, for $40,000,000, recorded November 23, 1899, and one for $40,000,000, dated August 1, 1899, and

recorded August 23, 1899.   It is stipulated that these are valid and subsisting liens.

The date when Dorwin, Young & Co. abandoned the work does not appear in evidence.   It may be inferred, however, that it was some time in March, 1900, as the railroad company took charge of the completion of the work about the 1st of April of that year.

The first material furnished was on October 27, 1899; the last was on January 16, 1900.   The contract with appellant is not set out in the petition, nor given in evidence, except the general statement that appellant contracted to furnish Dorwin, Young & Co. with dynamite, etc., to be used by them in repairing and reconstructing the B. & O. S. W. Railway.   In the absence of evidence as to when payments were to be made, the presumption of law is, that material was to be paid for when furnished.   This being so, there was due from Dorwin, Young & Co. to appellant on January 16, 1900, when the last material was furnished, the sum of $1,400.18.

McGowan, for defendant, testifies that " we made a statement on April 1, 1900; they (Dorwin, Young & Co.) owed the B. & O. S. W. Railroad $15,118.90; at the present time they owe $45,000."

Ten per cent of the money due Dorwin, Young & Co. was to be retained by the railroad company until the completion of the work by said firm.

Upon a hearing by the chancellor, upon depositions, and upon oral and documentary evidence, the bill of appellant was dismissed for want of equity.

The specific requirements for mechanic's lien do not apply to the statute providing for liens upon railroads.   The general principles applicable to liens, when not modified by statute, do apply.

That part of section 8, chapter 82, *supra*, pertinent to this case, is as follows:

"Every person who shall hereafter, as sub-contractor, material-man or laborer,  *  *  *  furnish to any contractor with any such railroad corporation  *  *  *  ma-

18    APPELLATE COURTS OF ILLINOIS.

VOL. 101.] Atlantic Dynamite Co. v. B. & O. S. W. R. R. Co.   .

terials * * * or any other article or thing * * * shall have a lien upon all the property, etc., of said railroad corporation.   Provided that such sub-contractor, material-man or laborer shall have complied with the provision of this act; but the aggregate of all liens hereby authorized, shall not in any case exceed the price agreed upon in the original contract to be paid by such corporation to the original contractor; and provided further that no such lien shall take precedence over any existing lien."

Section 9 provides that the person furnishing materials, shall cause a notice in writing to be served on the president or secretary of such railroad company, giving a form of notice to be substantially followed.

If the contract of the sub-contractor is in writing, a copy is required to be attached to the notice, which notice shall be sent within twenty days after the completion of said contract, provided that no lien shall attach until such notice has been served, or filed for record as provided.

Section 11 provides for bringing suit after notice has been given, if the money has not been paid within ten days after it is due, against the railroad corporation, or jointly against said corporation and the original contractor.

Section 13 is the section upon which this petition is based and is, in substance, that when an original contractor fails to complete his contract, any person entitled to a lien may file his petition in a court of record in any county through which the road may be constructed, against the railroad company and the contractors, setting forth the nature of the claim and the amount due, and that the contractor has failed to complete his contract.   It provides that the clerk of the court shall give notice by publication, and that all persons entitled to liens under this act may interplead and have their claims adjudicated, and that the court shall enter a decree according to the claims established.

Sec. 14 provides:

" The lien hereby created shall continue for three months from the time of the performance of the sub-contract, or of doing the work or furnishing the material as aforesaid, except when suit shall be commenced by petition as aforesaid, and in such case all liens shall be barred by decree entered in such case."

This section provides for a proceeding by petition and is in the nature of a bill in chancery.

. " Liens are enforceable in equity, unless the law has provided for another mode.  This is true of  *   *   *  all statutory liens, so far as they now occur to us, except in all cases where the lien is in the nature of a pledge and possession accompanies the lien."  Cairo & V. R. R. Co. v. Fackney, 78 Ill. 116.

The lien is statutory, and like mechanics' liens, the provisions of the statute must be strictly followed.  It is said in C. & St. L. R. R. Co. v. Cauble, 4 Ill. App. 135 :

" In order to sustain this proceeding against the railroad company and enforce a lien as against its property, it must appear that all the steps required by the statute have been taken."

Counsel for appellee insist that the proper foundation was not laid for serving notice by mailing to the president, for the reason that in the affidavit it does not appear that either the president or the secretary of the railroad company was in the county where the sub-contract was made or labor performed.  An examination of the statute shows that the conditions when notice may be so served, are separate and distinct.  They are (first) that neither the president nor secretary reside (second) or can be found in the county in which the sub-contract was made (third) *or the labor performed.*  If either of these conditions exist service can be had by mailing notice.  The affidavit is, that neither president nor secretary resided or could be founded in Richland county, Illinois, *where the material was furnished.*  This stated substantially one of the conditions under which notice could be mailed.

The bill does not allege that the materials furnished by appellant, or any part thereof, were used in repairing or reconstructing appellee's road, nor does it so appear in the notice served upon appellee's president.  It is true that the language of the statute does not specifically state that materials must be used in or upon the road against which a lien is sought, but a fair construction of the statute does require it.  It is said in Cairo & Vincennes R. R. Co. v. Fackney, 78 Ill. 119 :

"The statute only embraces materials and supplies furnished, and labor performed in constructing, repairing, operating or maintaining a railroad."

Certainly if Dorwin, Young & Co. contracted with appellant for materials to be used upon appellee's road, and then used them upon some other and different road, appellee's property would not be subject to a lien for the materials so used.

The form of notice prescribed by statute to be substantially followed supports this conclusion. It is as follows:

"You are hereby notified that I have furnished supplies on or for —— and that I shall hold all the property of said railroad to secure my pay."

The words "said railroad" refers to the railroad whose corporate name was to be inserted in the blank in the notice. The notice in evidence is that appellant had furnished supplies to "Dorwin, Young & Co., contractors on and for the construction, maintenance or repair" of appellee's road.

Pleadings are construed most strongly against the pleader. All that is averred in the bill and in the notice might be true and yet none of the materials might have been used on appellee's road.

A laborer employed by an original contractor to work on a railroad would have no lien, unless he worked upon the road in conformity with the contract of such contractor, for such is the language of the statute. We think this clause of the statute equally applies to materials furnished by a sub-contractor; that is, they must be used by the original contractor under his contract on or upon the railroad. It follows, then, that an allegation to this effect is a material allegation in the bill to enforce a lien, and in the notice of a claim for a lien.

It will be observed that section 13, cited *supra*, does not provide how a lien may be secured by a sub-contractor or a material-man, but provides only how it may be enforced when the original contractor has failed to complete his contract. Sections 8 and 9 provide how the claim of the material-man may be made an inchoate lien.

Section 14 specifies the limitations in enforcing said inchoate lien.   The section reads as follows:

" The lien hereby created shall continue for three months from the time of the performance of the sub-contract, or doing of the work or furnishing the material as aforesaid, except when suit shall be commenced by petition, as aforesaid, and in such case all liens shall be barred by decree entered in such case."

The limit for enforcing the inchoate lien for material furnished, when the original contractor does not complete his work, is by this section fixed at three months from the time it was furnished.   If not sought to be enforced within that time, it is lost.

The last material furnished by appellant was on January 16, 1900.   The lien would cease then on April 16, 1900, except suit had been commenced by petition within that period.   (C. & St. L. v. Cauble, 4 Bradwell, 135.)   Also, construing a similar statute, Huntington v. Barton, 64 Ill. 502.

The original petition was filed within the three months against the railroad corporation and N. D. Pounds, receiver of Dorwin, Young & Co., but was not commenced within three months against that firm.   The amended petition, making this firm a party, was not filed until December 28, 1900.   Dorwin, Young & Co. were primarily liable to appellant for the materials it furnished.   The proceeding to enforce appellant's lien being in the nature of a bill in chancery, they were necessary parties defendant to it.   McGraw v. Bayard, 96 Ill. 146;   St. L. & P. R. R. Co. v. Kerr, 153 Ill. 182.

Suit as to parties brought in by amendment is begun only from the time of the amendment, so far as the rights of parties are involved, having liens on the property sought to be held by such suit.   Dunphy v. Riddle, 86 Ill. 22;   Crowl v. Nagle, 86 Ill. 437;   McGraw v. Bayard, 96 Ill. 146;   Gardner v. Watson, 18 Ill. App. 386;   Haines v. Chandler, 26 Ill. App. 400.

It follows, then, that, the last material having been furnished on January 16, 1900, and Dorwin, Young & Co., who were necessary parties, not having been made parties

until December 28, 1900, that more than ten months elapsed before suit was brought. The right to a lien was therefore lost.

It is stipulated that appellee executed a mortgage to the Farmers' Loan and Trust Company of New York, August 1, 1899, recorded August 2, 1899, and that this is a valid subsisting lien against the property of said railroad company. As to this incumbrance, much more than three months elapsed before suit was commenced against Dorwin, Young & Co., and as to it, therefore, appellant has no lien. It may be said, too, in this connection, that this mortgage which was recorded on August 22, 1899, was in any event a prior lien. The contract of Dorwin, Young & Co. not having been made until October, 1899, and the first material furnished under said contract being on October 27, 1899, this last date is when appellant's lien would attach if it has a lien. St. L. & P. R. R. Co. v. Kerr, 153 Ill. 192.

The lien under the mortgage of August 1, 1899, would therefore be a prior lien.

We think that January 16, 1900, the date when the last material was furnished, is the date from which the twenty days for notice is to be counted. If this is correct, there was no inchoate lien, as notice was not filed until the 26th day of February.

The statute, Sec. 9, *supra*, provides that "the notice shall be served at any time within twenty days after the completion of such sub-contract or such labor; provided that no lien shall attach  *  *  *  until such notice shall have been given or filed for record, etc."

As stated before, payment was due as material was furnished. The total amount for material furnished was due January 16, 1900. Claims for payment on account, as shown by letters in evidence, had been made before this date. Appellant declined to furnish further material after that date, although subsequently $300 was paid on account.

The date from which the twenty days for notice should count could not depend upon the mere declaration of either party as to when the contract terminated. If this were

otherwise, if no material had been furnished after January 16, 1900, and neither party had declared the contract ended, the time in which notice could be given would be indefinitely extended, dependent upon a declaration rather than upon any visible fact or condition. The law evidently contemplates that the twenty days must be counted from the date when the last payment for material is due.

We think, too, that the evidence not only fails to show that the railroad company owed Dorwin, Young & Co. anything when the notice was served, or at any time subsequent thereto, nor that anything was paid them subsequent thereto, but, on the contrary, it tends to show that this firm was largely indebted to the railroad company, and after the completion of the road by the company that such indebtedness exceeded $40,000.

For the reasons above stated, the decree and judgment of the Circuit Court is affirmed.