UNION NATIONAL SAVINGS AND LOAN ASSOCIATION *v.* HELBERG ET AL.

[No. 18,525. Filed Nov. 22, 1898. Rehearing denied Jan. 25, 1899.]

MECHANIC'S LIEN.—*Foreclosure.*—*Failure to Make Holder of Junior Mortgage a Party.*— A mechanic's lien was foreclosed and the property purchased by the lien holder under a decree of foreclosure. The holder of a mortgage junior to the mechanic's lien was not made a party to the proceedings. *Held*, in an action to foreclose the mortgage, which action was brought more than a year after the notice of intention to hold the lien was filed, that the holder of the mechanic's lien had lost the seniority thereof, but had an owner's equity of redemption.

From the Lake Superior Court. *Reversed.*

*Walter Olds* and *C. F. Griffin*, for appellant.

*Peter Crumpacker*, for appellees.

HACKNEY, C. J.—The appellant sued to foreclose a mortgage executed by the appellee, Helberg. The appellee, Mosier, by cross-complaint, sought to enforce a mechanic's lien as senior to the mortgage. The essential facts were that Helberg owned a lot in the city of Hammond, and, in De-

cember, 1892, contracted with Mosier for the erection of a dwelling-house. The dwelling-house was under construction when, in March, 1893, the appellant, with knowledge of said contract and the work upon said house, made a loan of $1,300 to Helberg, which loan was secured by a mortgage on said lot. On the 30th day of September, 1893, within the statutory time, Mosier gave the proper notice of a mechanic's lien. On the 8th day of September, 1894, Mosier sued to foreclose said lien, not making the appellant a party, and in February, 1895, purchased said property under a decree of foreclosure. The lower court held the lien of Mosier senior to that of the appellant, and that holding presents the question for decision by this court.

It is not questioned that, in point of time, the mechanic's lien was, by relation back to the time when the work began, senior to the mortgage, but it is insisted that by the failure to bring suit to foreclose such lien, as against the appellant, within one year from the giving of such notice, the lien was waived as to the appellant. The statute, giving the remedy for the foreclosure of mechanic's liens, provides that "Any person having such lien may enforce the same by filing his complaint in the circuit or superior court of the county where the labor was performed, or the materials, machinery, articles, things or service furnished or rendered at any time within one year from the time when said notice has been received for record by the recorder of the county; * * * and if said lien shall not be enforced within the time prescribed by this section, the same shall be null and void * * *." Section 7259 Burns 1894, section 5298 Horner 1897. It will thus be seen that the remedy is limited to one year, and if the complaint is not filed during that period the lien is void. We have seen also that the remedy, as against Helberg, the owner of the property, was enforced within the year. Does the statute require that the remedy shall be enforced also against existing junior lien holders, within the year, to save the validity of the senior lien?

The requirement of the statute is general and contains no exception applicable to this case.  Its object was to prevent the *ex parte* encumbrance from beclouding titles and embarrassing dealings with reference to the property for a longer period than one year.  This object cannot be said to concern the property owner alone for the junior encumbrancer is interested in having the lien determined while the extent of labor or materials may be more easily ascertained and while values, as to the lien, may not become obscure, and, as to the property, may not become impaired.  A foreclosure, as against a junior lienor alone, could hardly be said to satisfy the statutory requirement if objection were made by the property owner.  If upon such foreclosure, the year having expired, the owner could assert the invalidity of the lien, it would seem that the rule should also be upheld that a foreclosure against the owner alone would not preclude the junior lienor to assert the invalidity of the lien as against his lien.  Even as between mortgagees, where the senior is foreclosed without bringing in the junior, the foreclosure is a nullity as to the junior.  *Gaskell* v. *Viquesney*, 122 Ind. 244, and authorities there cited; *Catterlin* v. *Armstrong*, 101 Ind. 258.  The same rule has been generally applied to mechanic's liens.  See 15 Am. & Eng. Ency. of Law, p. 165, note 4.  If the analogy is fair, and we think it is, we may say that the foreclosure by Mosier was, as to the appellant, as no foreclosure, and did not preclude or estop the appellant to deny the validity of the lien under the provisions of the statute.

In Alabama it was held, in an action to foreclose a lien, commenced against the husband within the statutory period, the wife being brought in by amendment after the period, that the statute was a bar in her favor.  *Seibs* v. *Engelhardt*, 78 Ala. 508.  In *Dunphy* v. *Riddle*, 86 Ill. 22; *Crowl* v. *Nagle*, 86 Ill. 437; and *McGraw* v. *Bayard*, 96 Ill. 146, it was held that a suit within the statutory period, against the property owner and to which a junior encumbrancer was made a party after the statutory period, could not be main-

tained against the junior encumbrancer.    In *Dunphy* v. *Riddle, supra,* it was held that the limitation, "unless suit be instituted to enforce such lien within six months," required that the suit should be instituted against the owner, creditor, or encumbrancer to be available.    In this State it has been held that the limitation applies in favor of a purchaser pending the lien.    *Holland* v. *Jones,* 9 Ind. 495; *Marvin* v. *Taylor,* 27 Ind. 73; *Schneider* v. *Kolthoff,* 59 Ind. 568.    These holdings support the conclusion that the statute is available in favor of all who are interested and against whom proceedings have not been instituted within the limited period.

While we hold that the failure to make the appellant a party to his foreclosure lost to Mosier the seniority of his lien, we do not hold that his foreclosure was entirely fruitless. It had the effect to place Mosier in the shoes of Helberg and to carry to him the equity of redemption.    *Holmes* v. *Bybee,* 34 Ind. 262; *Catterlin* v. *Armstrong,* 101 Ind. 258; *Browning* v. *Smith,* 139 Ind. 280.

The judgment is reversed, with instructions to sustain the demurrer to the cross-complaint, and to grant a new trial.