Stoermer *v.* Peoples Savings Bank.

---

STOERMER *v.* THE PEOPLES SAVINGS BANK OF THE CITY OF EVANSVILLE.

[No. 18,669. Filed January 12, 1899.]

MECHANIC'S LIEN.—*Foreclosure of Mortgage.—Expiration of Lien.*— A mechanic's lien which was foreclosed within one year, as provided by section 7259 Burns 1894, without making a mortgagee of the premises a party, is void as to such mortgagee at the expiration of one year from the time the notice of the intention to hold the lien was filed.

From the Vanderburgh Circuit Court. *Affirmed.*

*William Reister,* for appellant.

*James T. Walker,* for appellee.

MONKS, C. J.—In 1890 a mortgage was executed to appellee on certain real estate in Evansville, Indiana, to secure a

Stoermer *v.* Peoples Savings Bank.

loan made to the mortgagor, which mortgage was duly recorded. Afterwards, in 1894, appellant filed in the office of the recorder of Vanderburgh county, Indiana, a notice of intention to hold a mechanic's lien on the same real estate for work and labor done and performed and for material furnished in the erection of a building on said real estate. Said notice was filed within sixty days after the last item of labor or material was furnished, and said mechanic's lien was in all respects valid. An action was commenced in the court below within one year from the time said notice was filed, and on March 26, 1896, said mechanic's lien was foreclosed, and said real estate ordered sold to pay the same. Appellee was not made a party to said action. On June 24, 1896, appellee commenced this action against the mortgagors to foreclose said mortgage executed in 1890, making appellant and other junior lienholders defendants. Appellant, for answer to appellee's complaint to foreclose said mortgage, set up said mechanic's lien and decree foreclosing the same, alleging that said mechanic's lien was for labor and material furnished in the erection of a building upon said real estate after the execution of said mortgage thereon, and that said mechanic's lien on said building so erected was superior to the lien of appellee's said mortgage thereon, under the provisions of section 7256 Burns 1894. The court below held that the lien of said mortgage was superior to the mechanic's lien on said building, and rendered judgment accordingly.

It is provided in section 7256, *supra,* being section 2 of an act approved March 9, 1889 (Acts 1889, p. 257), that when land is encumbered by a mortgage, and a building is erected thereon, the mechanic's lien on said building is superior to the lien of the mortgage thereon, and the building may be sold to satisfy the mechanic's lien, and removed within ninety days by the purchaser. It is insisted by appellant that under said section the mechanic's lien on the building erected on the real estate described in the mortgage and notice of mechanic's lien was superior to the lien of said mort-

gage, and that he was entitled to a decree for the sale of said building to pay said mechanic's lien, and that the purchaser under such decree would have the right to remove said building within ninety days.

It is not necessary for us to determine as to the correctness of this contention of appellant, for the reason that, if such right existed, he has not asserted it within the time required by the statute. The laws of this State require that, to enforce a mechanic's lien, the action must be commenced within one year from the time of the filing of the notice in the recorder's office, or, if credit be given, within one year from the expiration of such credit, and if not commenced within the time mentioned the same is null and void. Section 7259 Burns 1894, Acts 1889, p. 258; *Union Nat., etc., Assn.* v. *Helberg, post,* 139; *Deming-Colborn, etc., Co.* v. *Union Nat., etc., Assn.,* 151 Ind. 463.

In *Union Nat., etc., Assn.* v. *Helberg, supra,* an action to foreclose a mechanic's lien had been commenced within the time fixed by statute, and the same foreclosed. Afterwards said real estate was sold on said decree. After the expiration of the time within which the law requires an action to foreclose a mechanic's lien to be commenced, a person holding a mortgage on said real estate which was junior to said mechanic's lien, but who was not made a party to the action to foreclose said mechanic's lien, commenced an action to foreclose the same, and made the purchaser of said real estate, under said decree of foreclosure, a party defendant, and this court held that said mechanic's lien was void, as against said mortgage lien, for the reason that no proceeding had been commenced to enforce said mechanic's lien, as against said mortgage, within the year fixed by statute. *Deming-Colborn, etc., Co.* v. *Union Nat., etc., Assn., supra,* is to the same effect. In this case appellant claims that the lien of appellee's mortgage on said building was junior to the mechanic's lien; but it will be observed that appellee, the holder of said mortgage, was not made a party defendant or otherwise, in

the action to foreclose said mechanic's lien, and that no action was commenced against the appellee to enforce said mechanic's lien within the time required by law.    Said mechanic's lien was, therefore, null and void, as against appellee's mortgage, under the law as declared in the cases above cited.

Other reasons are urged to 'sustain the action of the trial court, but, having reached the conclusion that the mechanic's lien is null and void as against said mortgagee, it is not necessary that they be considered.    Finding no error in the record, the judgment is affirmed.