## MARTIN ET AL. v. BERRY.

[No. 19,584. Filed October 16, 1902. Rehearing denied December 17, 1902.]

MECHANIC'S LIEN.—*Foreclosure.*—*Mortgages.*—Mortgagees who were not made parties to a suit to foreclose a mechanic's lien on the mortgaged premises may, after the expiration of the time given by §7259 Burns 1901, for the enforcement of mechanic's liens, enjoin a sale of the property under the decree foreclosing the lien. *pp. 566–570.*

JUDGMENT.—*Mechanic's Lien.*—*Mortgages.*—*Equity of Redemption.*—A personal judgment obtained by the holders of a mechanic's lien against the owners of the property, in a suit to foreclose the lien, created a lien on the owners' equity of redemption from a mortgage foreclosure sale of the property; and where the holders of the mechanic's lien were not made parties to the suit to foreclose the mortgage, such judgment lien was not cut off or barred by the decree rendered therein. *p. 570.*

From Huntington Circuit Court; *J. C. Branyan,* Judge.

Suit by William A. Berry against Marquis D. L. Martin and others to enjoin the sale of real estate under a mechanic's lien judgment. From a judgment for plaintiff, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901    *Affirmed.*

*J. T. Alexander* and *J. M. Hatfield,* for appellants.

*B. M. Cobb* and *C. W. Watkins,* for appellee.

JORDAN, J.—This action was instituted on January 28, 1899, by appellee to enjoin appellants, Marquis D. L. and Elmer B. Martin, together with Alonzo A. Crandal, sheriff of Huntington county, Indiana, from selling the north half of lot number sixty-two in the city of Huntington, county aforesaid, under a decree foreclosing a lien created under the mechanic's lien law for material furnished. A trial

resulted in appellants being perpetually enjoined from sell-ing said premises under the said decree. To reverse this judgment this appeal is prosecuted.

The facts material to the cardinal question involved herein, as the same are disclosed by the complaint, and under the special finding, are, in substance, as follows: In February, 1878, Jacob Wintrode, the owner thereof, sold and conveyed lot number sixty-two in the original plat of the city of Huntington to Elizabeth Hullibarger, Rox-ana Helser, and Mary E. Helser. Roxana and Mary E. Helser, under the provisions of the deed of conveyance, were invested with the fee simple of the said premises, and the said Elizabeth Hullibarger with the use thereof so long as she remained a widow. At the time of this conveyance by Wintrode, said grantees executed to him an indemnify-ing mortgage on the premises to save him harmless against any liability arising out of a certain mortgage. This latter mortgage was subsequently foreclosed, and Wintrode was compelled to pay the judgment rendered in the foreclosure proceedings, to the amount of $262. On April 11, 1878, Roxana and Mary E. Helser, together with Andrew W. Helser, husband of Roxana, mortgaged said lot to John Skiles, to secure the payment of a note of $100. This note and mortgage were subsequently assigned for value to one B. M. Cobb. In the summer of 1885 Roxana and Mary E. Helser, the owners in fee of said lot, made improve-ments on a house situated on the north half thereof; and in making the same they purchased material to the amount of $103.69 from appellants Martin & Martin, and within sixty days after furnishing said material the latter filed a notice in the recorder's office of Huntington county, Indiana, of their intention to hold a lien on the north half of said lot for the amount of material so furnished, and on November 5, 1886, five days before the expiration of the year allowed by law for foreclosing said lien, Martin & Martin instituted an action in the Huntington Circuit

Court against Roxana Helser and her said husband Andrew W. Helser, Elizabeth Hullibarger, and Mary E. Helser, who were the sole defendants in the action, to foreclose said lien, and on April 6, 1891, such proceedings were had therein that they recovered a personal judgment against Roxana and Mary E. Helser for $135.80, together with costs, and a decree of foreclosure as against all of the defendants except Mrs. Hullibarger, who had died after the commencement of the action, and before the rendition of the final decree. This judgment has not been satisfied. On April 4, 1892, appellee, being the holder of each of the aforesaid mortgages, by virtue of assignments, commenced an action in the Huntington Circuit Court to foreclose the mortgage liens, making Roxana Helser, together with her husband, and Mary E. Helser, defendants to said action. Martin & Martin were not made parties thereto. The Helsers appeared in court, and filed an answer admitting the averments of the complaint; and such proceedings were had therein as resulted, on the said 4th day of April, in appellee recovering a judgment for $974 against the Helsers, and a foreclosure of the mortgage against lot sixty-two. On May 7, 1892, said premises, under the latter foreclosure proceedings, were sold at sheriff's sale to appellee for $900. Previous to April 4, 1892, the mortgaged premises had been sold for delinquent taxes, and appellee, by virtue of the tax certificates issued under the said sales, and assigned to him, procured the auditor of Huntington county to execute to him a tax deed for the lot in question, and at and prior to the commencement of this action he had taken possession thereof, and continued to hold the same. Before the beginning of this suit appellants Martin & Martin procured a certified copy of the judgment and decree rendered in the action wherein their mechanic's lien had been foreclosed, and caused said copy to be delivered to their co-appellant Crandal, sheriff of said county, and he, as such sheriff, advertised the north half of said lot

sixty-two to be sold at sheriff's sale under and by virtue of said decree to satisfy the judgment rendered in favor of Martin & Martin, and would have proceeded to sell the premises in controversy, under said decree, had he not been prevented by the restraining order in this action. The court concluded, upon the facts found, that appellee was entitled to the injunction demanded, and rendered judgment accordingly.

The question presented under the law applicable to the facts is, was this judgment a correct result? Section 7259 Burns 1901, relating to mechanic's and material men's liens, provides that any person having such lien may enforce the same within one year from the time the notice of the lien was filed for record, or, if a credit be given, within a like period from the expiration of such credit. If not enforced, or, in other words, if an action to foreclose the lien is not commenced within the time prescribed by the statute, then in that event the law declares that the lien shall be null and void. A person holding a mortgage lien on the premises upon which there is a mechanic's lien must be made a party to the action to enforce the latter; otherwise his rights under his mortgage will not be affected by the judgment rendered therein. *Deming - Colborn Lumber Co.* v. *Union, etc., Assn.,* 151 Ind. 463; *Stoermer* v. *People's Savings Bank,* 152 Ind. 104; *Union, etc., Assn.* v. *Helberg,* 152 Ind. 139.

The facts disclose that the person or persons holding the mortgages, under which appellee claims, were not made parties by appellants Martin & Martin in their action to enforce their lien, nor were said appellants made parties by appellee to his foreclosure proceedings. Consequently, under the circumstances, neither of said parties was affected by the judgment rendered in the proceedings of the other. As the period of time prescribed for the enforcement of appellants' lien expired in November, 1886, such lien could not thereafter be enforced against any one, for, under the

positive provision of the statute, it was declared null and void. In *Union, etc., Assn.* v. *Helberg,* 152 Ind. 139, it is held that this provision of the statute, declaring the lien under such circumstances to be null and void, is available in favor of all interested persons against whom proceedings have not been instituted within the limited period.

Under the law applicable to the facts, we are compelled to hold that appellants' attempt to procure a sale by the sheriff of the premises in dispute, under and by virtue of the order of sale obtained in their proceedings foreclosing their lien against the owners only, was illegal; hence the proposed sale was properly enjoined. As shown, appellants in their action foreclosing their lien recovered a personal judgment against Roxana and Mary E. Helser, the owners of the equity of redemption in and to the premises in controversy. This judgment itself created a lien on their equity of redemption, and, inasmuch as appellants were not parties to appellee's action to foreclose his mortgage, this judgment lien was not cut off or barred by the decree rendered therein. If appellants Martin & Martin at the commencement of the action herein had any enforceable right against appellee, it could be nothing more than the right to redeem the premises from the sale under and through which appellee claims to hold the realty, but in respect to this question we do not decide. See, however, *Union; etc., Assn.* v. *Helberg, supra,* and cases cited; *Holmes* v. *Bybee,* 34 Ind. 262; *Gaskill* v. *Viquesney,* 122 Ind. 244, 17 Am. St. 364. In fact, counsel for appellee say: "Martin & Martin may bring a suit to redeem, but before they can maintain such a lien they must pay the claims represented by the mortgages of Wintrode and Skiles, and the $130 due for taxes, with interest at the rate the claims would legally draw to the date of redemption."

Other rulings in the trial court are assailed as erroneous, but, even if this contention were true, the judgment of

court, under the facts, is clearly right; hence such intervening errors, if any, may be dismissed as harmless.

The judgment is affirmed.