HOCHSTETLER ET AL. *v.* A. ALLEN WILKINSON LUMBER COMPANY ET AL.

[No. 16,112.  Filed January 4, 1940.]

*T. B. Cunningham*, and *Jessie W. Wilcox*, for appellants.

*Frazer & Isham (George N. Ross & Milton E. Graves, of counsel)* for appellees.

BRIDWELL, P. J.—This appeal is from a judgment rendered in an action instituted by appellants against the appellees in ejectment, and to quiet title to certain real estate. Appellee A. Allen Wilkinson Lumber Company (hereinafter called Lumber Company) filed its cross-complaint against appellants to quiet title to the same real estate described in the complaint. All appellees filed answer in general denial to the complaint, and in addition thereto filed a second paragraph of answer setting forth, among other facts averred, the source of the claimed ownership of appellants and of appellee Lumber Company, the claimed interest of appellees Reams and Reams, and the reason for the assertion of said claimed interest; and praying "that the court find that they are the owners of the equitable title" to the real estate involved, and for all proper and equitable relief. The cross-complaint was answered by a general denial, and appellants filed reply in general denial to the second paragraph of answer to the complaint. Upon the issues thus joined the cause was submitted to the court for trial. Upon proper request therefor, the court made its special finding of facts and stated conclusions of law thereon. In due course appellants filed their motion for a new trial, asserting as causes therefor that the decision of the court is not sustained by sufficient evidence, and that said decision is contrary to law. This motion was overruled. Appellants excepted and thereafter perfected this appeal. The sole error assigned is the action of the court in overruling said motion.

The material and controlling facts as found by the court and stated in its special finding of facts are summarized as follows: In the year of 1929, Daniel Unzieker and Lillie Unzieker, husband and wife, were the owners of the real estate described in the com-

plaint and cross-complaint, said tract of real estate being located in the town of Morocco, Newton County, Indiana, and upon which a building had been erected. The Unziekers, desiring to improve said premises, purchased from the appellee Lumber Company and from the appellants Hochstetler and Hochstetler material which was used for that purpose. On June 11, 1929, the said Lumber Company duly filed in the recorder's office in said Newton County notice of its intention to hold a mechanic's lien against said property, and on August 1, 1929, appellants did likewise. Thereafter each of said parties so acquiring mechanic's liens, without knowledge on the part of the other, employed the same attorney at law to prosecute foreclosure proceedings on their respective liens, and an action for such purpose was brought on behalf of each, neither being summoned into court as a party defendant in the cause instituted by the other. On February 4, 1931, each of said causes were submitted for trial, and in the action brought by appellee Lumber Company there was a finding and judgment in its favor for the sum of $863.49 and costs and for foreclosure of its lien; in the other action there was a finding and judgment for the appellants in the sum of $217.24, and costs, and for foreclosure of their lien. On February 11, 1931, an execution was duly issued on each of said judgments and these executions were simultaneously placed in the hands of the sheriff of said county for service. After notice of sale was duly given the said attorney for said parties who had foreclosed their respective liens, without right, and without informing said Lumber Company of his purpose, directed said sheriff to sell the real estate under the decree issued on the Hochstetler judgment before making any sale under the other decree. The sale under the decree issued on the judgment of appellants was

held May 11, 1931; under the decree issued on the judgment of appellee Lumber Company, the sale was held June 29, 1931. The judgment plaintiffs in each instance were the purchasers at the sale had by reason of the judgment previously obtained, the Lumber Company buying at the sale under its execution, and appellants at the sale under their execution. Certificates of sale were duly issued and delivered to each, and there was no redemption from either sale by any person. The sheriff returned each writ as fully satisfied and each certificate was duly recorded in the office of the clerk of the Newton Circuit Court in the Lis Pendens Record of sheriff's sales of the records of said office. On May 26, 1932 appellants received a sheriff's deed which they caused to be duly recorded; on June 30, 1932, the Lumber Company received a sheriff's deed which it caused to be duly recorded.

Appellees Reams and Reams were in possession of the real estate over which this litigation exists from some time in the year 1930, when they obtained possession by virtue of a lease from the then owner, Lillie Unzieker, until the trial of this cause in 1936. After appellants obtained their sheriff's deed to the property said appellees, in 1932, paid to the appellants one month's rent of $20.00, before appellee Lumber Company had secured its sheriff's deed, but thereafter no rent was ever paid to appellants, nor did they (appellants) ever demand any further payment of rent from said appellees. On July 1, 1932, the appellees Reams and Reams entered into a written contract with appellee Lumber Company for the purchase of said property for the sum of $1400.00, upon certain terms and conditions specified therein. The amount agreed upon as the purchase price was to be reduced so far as payment to the Lumber Company was to be made, by the amount due on a mortgage debt to the Rensse-

laer Building and Loan Association, which indebtedness the appellee Reams and Reams assumed. After the execution of this contract they (Reams and Reams) made valuable and permanent improvements to said property; paid taxes thereon; paid $189.25 of the mortgage indebtedness, and paid to the Lumber Company payments required by the terms of said contract, in the amount of $765.00. The total amount expended, exclusive of the amounts paid to the Lumber Company and on the mortgage indebtedness, being $1579.47. The property before the making of improvements had a fair market value of $1400.00, and a rental value of $20.00 per month; after the improvements its fair market value was $3000.00, and its rental value $30.00 per month.

Before entering into the contract with the Lumber Company for the purchase of said real estate, the appellee Orville Reams had informed appellants of his desire to purchase same; had sought and obtained advice from the attorney who represented both appellants and the Lumber Company in the respective foreclosure suits, and thereafter, in good faith entered into said contract to purchase.

Upon the facts as found, the court stated its conclusions of law to be in effect as follows: That the plaintiffs Simon and Harry Hochstetler (appellants here) were the owners of an undivided 22.33 per cent. of the real estate involved, and the Lumber Company (an appellee here) the owner of an undivided 77.67 per cent. thereof, both interests subject to a claim of $1579.47 in favor of Reams and Reams ''as occupying claimants'' for the value of improvements placed upon said real estate, and for which amount they have a ''subsisting lien'' on said premises; that the property should be sold after an appraisal, by a commissioner appointed by the court, for not less than its

appraised value; that the proceeds of such sale should be distributed by the commissioner as follows: (1) Payment of all court costs. (2) Payment of all delinquent taxes. (3) Payment of the mortgage held by the Rensselaer Building and Loan Association. (4) Payment to the appellees Reams and Reams of $1579.47 less the rental value of said premises of $20.00 per month from June 25, 1932, to the date of sale by the commissioner. (5) Payment to appellees Reams and Reams of $189.25, on account of payments made by them on the building and loan mortgage. (6) To appellants, Hochstetler and Hochstetler, 22.33 per cent. of the remaining proceeds; to appellee Lumber Company 77.67 per cent. of such proceeds, less $765.00 to be paid Reams and Reams out of said 77.67 per cent. Judgment in accordance with the conclusions of law was rendered before the filing of appellants' motion for a new trial. Exceptions were reserved to each conclusion of law, but the correctness of such conclusions, or either of them, is not challenged by any assignment of error here.

Upon reading the evidence, we find that the material facts determinative of the rights of the parties, are proved without conflict in the evidence, and that there is ample evidence to sustain the decision of the court. This leaves for consideration only the question as to whether the decision is contrary to law.

It is contended that the decision is contrary to law because the issues were such that the court was without jurisdiction to pass upon any rights of the appellees Reams and Reams as occupying claimants, and further that under the issues the court was without authority to order a sale of the real estate, and distribution of the proceeds of sale. We are of the opinion that these contentions are not properly presented for decision through the medium of a mo-

tion for a new trial on the ground that the decision is contrary to law. If any conclusion of law as stated by the court was in fact erroneous, it should have been challenged by a proper assignment of error on that ground in this court, which has not been done.

From the record we note that no question was raised in the trial court relative to the sufficiency or the relevancy of any pleading. The second paragraph of answer to the complaint set out in detail the various transactions by means of which each of the parties acquired whatever interest was held in and to the real estate in controversy. Such answer did not purport to be a complaint filed under our statutory law conferring rights and providing remedies for occupying claimants holding possession of real estate under color of title; it did assert a right to a lien for improvements made, and prayed all proper and equitable relief. No question as to the admission or rejection of evidence was raised, and it appears that the cause was tried upon the theory that it was a proceeding in equity.

Having in mind the provisions of our mechanics' lien law (§ 43-704 Burns' R. S. 1933, § 10508 Baldwin's 1934), that no priority of one such lien over another of like class shall exist, and the fact that in this case neither of the lien holders made the other a party to its foreclosure action, we, in view of the entire record, conclude that this cause has been fairly tried upon the merits and a result, without injustice to any party, reached. By the decision it is held that one mechanic's lien-holder with a claim of $217.24 established in an action brought to foreclose the lien, to which action another lien-holder of the same class with a claim of $863.47 was not made a party defendant, was not the sole owner of a property of the value of $3000.00; and the rights of both lien-holders, as well as those of third persons

who contracted to purchase the property and in good faith made improvements thereon approximating $1600.00 in value are recognized and enforced. As between the lien-holders who secured a sheriff's deed, the ownership of the premises is allocated in proportion to the amount of their respective claims.

No reversible error having been presented, the judgment is affirmed.