WATSON *v.* STROHL.

[No. 27,763.   Filed January 18, 1943.]

674

*Harlan E. Orr* and *Albert B. Chipman,* both of Plymouth, for appellant.

*Kitch & Huff,* of Plymouth, and *Charles Davis,* of Mishawaka, for appellee.

SWAIM, J.—The appellee filed an action against the appellant asserting that by virtue of two judgments dated January 3, 1933, on actions commenced October 1, 1932, foreclosing two mechanics' liens filed August 6, 1932, for labor begun March 30, 1932, the appellee held a prior lien against certain real estate to which the appellant claimed title by virtue of a sale of said real estate by the sheriff on decretal orders, made in three judgments dated October 24, October 26 and November 26, 1932, foreclosing three corporation employees' liens, which had been filed on September 8, and September 9, 1932, for work alleged to have been done in the latter part of July and first part of August, 1932. In his complaint the appellee asked that the appellant be com-

pelled to set up any claim he might have to said real estate; that the appellee's claim and lien be declared and adjudged to be superior to the claim and interest of the appellant; and that said real estate be ordered sold and the proceeds therefrom distributed between the appellee and the appellant according to their priorities.

The appellant filed several paragraphs of answer and cross-complaint asserting that the liens of the judgments, foreclosing the corporation employees' liens, were superior to the liens of the judgments foreclosing the mechanics' liens; that the only right of appellee was a right to redeem; that the appellant and his grantors, believing that they were the owners in fee simple of said real estate since 1934, had paid taxes and made permanent and valuable improvements thereon; that the appellee knew the appellant and his grantors were paying taxes on and improving said real estate; that the appellee never advised the appellant that he, the appellee, was claiming any interest in said real estate; that had appellant known that appellee was going to attempt to assert a claim against said real estate the appellant would not have paid taxes nor made improvements thereon; that it would be inequitable, unfair and unjust to permit the appellee to now assert any interest in, or claim to, said real estate.

By his various paragraphs of answer the appellant prayed that the appellee take nothing by his complaint; that, in whatever decree might be entered, the appellant be protected as to all expenditures; and that the appellee be estopped from asserting any right or interest in said real estate. By his first and third paragraphs of cross-complaint the appellant asked that the court determine the amounts paid to the sheriff at the sheriff's sale, the sums paid for taxes and the fair

value of the improvements; that the court find that the appellee has and holds only the rights of redemption under strict foreclosure and in the event he fails to redeem, pursuant to the decree herein, he be barred from asserting any interest or right in said real estate. By his second paragraph of cross-complaint the appellant sought to have his title quieted against all claims of the appellee.

The appellee filed demurrers to the second and third paragraphs of answer and to the third paragraph of cross-complaint. These were overruled.

By its special findings of fact the court found that from March, 1932, until February, 1934, the Plymouth Artificial Ice Company, Inc., was the legal owner of the real estate in question; that the two notices of mechanics' liens and the three notices of corporation employees' liens were all filed in the office of the county recorder, of the county where said real estate was located, on the dates as alleged in the complaint, answers and cross-complaints; that on October 1, 1932, actions to foreclose the mechanics' liens were filed and on January 3, 1933, judgments foreclosing said liens and ordering said real estate sold were rendered. Pursuant to executions issued on said judgments said real estate was sold by the sheriff to the holders of said judgments, but, no money being paid on the sales, the writs were returned unsatisfied August 3, 1933; that on October 7, 1932, the holders of said corporation employees' liens each filed suit to foreclose his said lien; that on October 24, October 26, and November 3, 1932, judgments were entered foreclosing said liens and ordering said real estate sold; that each of the five judgments was entered in the judgment docket in the office of the clerk of said court; that the sheriff's returns on executions issued on the judgments foreclosing said corporation em-

ployees' liens showed sales of said real estate to one George T. Spensley, the payment by him of the purchase price of each sale and the receipt of the amount of the judgment in each case by the judgment creditor. The findings also showed a sheriff's certificate of sale issued in each case to said Spensley, and an assignment by the three judgment creditors to one Harlan E. Orr, dated January 5, 1934, of "all of the interest of the party of the first part (the judgment creditors) has or may have in and to" said premises "by virtue of an assignment of interest of one George T. Spensley . . . in and to three Sheriff's Certificates of sale, covering said property. . . ." The findings do not show an assignment by said Spensley to the three judgment creditors other than as shown in the above recital in the assignment to Orr.

The special findings then show a sheriff's deed to the assignee of Orr and a warranty deed by the grantee named in the sheriff's deed to the appellant.

The findings also state that in each of the five foreclosures the only party defendant named was the Plymouth Artificial Ice Company, Inc., the owner of said real estate; that the appellant and his grantee had paid certain taxes on said real estate and that the appellee then had a lien in the total sum of $1,486.75, principal and interest.

On these special findings of fact the court concluded as a matter of law that the Corporation Employees' Lien Law, Acts of 1877 (Spec. Sess.), ch. 8, § 8, p. 27; § 43-301 to § 43-306, Burns' 1940 Replacement, § 10546 to § 10551, Baldwin's 1934, was unconstitutional as violating the 14th amendment to the Constitution of the United States and Section 23 of Article I of the Constitution of Indiana; that if said law were constitutional that portion of the law which provides that such

liens "shall lie prior to any and all liens created or acquired subsequent to the date of the employment of such employees of such corporation, except as in this act provided," was repealed by Acts of 1909, ch. 116, § 4, p. 295, § 43-704, Burns' 1940 Replacement, § 10508, Baldwin's 1934; that the judgments of Wickey, Harker and Murphy, the holders of the purported corporation employees' liens, were merely judgments against the Plymouth Artificial Ice Company, Inc., and as such were judgment liens against the lands belonging to said company; that the appellee had a lien against said real estate for the sum of $1,486.75, which was prior and superior to any claim of the appellant except as to taxes in the amount of $361.22 paid by the appellant and his grantor subsequent to the time of the sheriff's sale; that as between the lien for such taxes and the lien of the appellee there were no priorities; and, finally, that a commissioner should be appointed who should sell said land and distribute the proceeds thereof, after the payment of expenses, 361.22/1847.97 to the appellant and 1486.75/1847.97 to the appellee; that if the proceeds of said sale, after the payment of the expenses should exceed the amount of $1,847.97 then the residue thereof should be paid to the appellant; and the costs of this action should be taxed ½ to the appellee and ½ to the appellant. The court rendered judgment pursuant to said conclusions of law.

The appellant assigned as error each of the court's conclusions of law and the action of the court in overruling appellant's motion for a new trial.

The first proposition advanced by the appellant was that the first conclusion of law, to the effect that the Corporation Employees' Lien Law is unconstitutional, was outside of the issues raised by the pleadings and therefore a nullity; that a court is not authorized to

hold unconstitutional a legislative enactment unless the question has been raised in the pleadings at the earliest moment orderly pleading will permit.

The court by its second conclusion of law concluded that the priority provision of the Mechanics' Lien Law repealed the priority provision of the earlier Corporation Employees' Lien Law. . If the court was correct in this second conclusion of law, the mechanics' liens involved in this case were prior to the corporation employees' liens and it is not necessary for us to pass upon the question of the constitutionality of the Corporation Employees' Lien Law. We shall, therefore, first consider the court's second conclusion of law.

The appellant, claiming under the priority provision of the Corporation Employees' Lien Law, contends that under the facts of this case his rights are prior. The appellee depends upon the Mechanics' Lien Law, enacted in 1909, which provides that all liens created pursuant to said statute, shall relate to the time when the mechanics or other persons began to perform the labor and furnish the materials or machinery and shall have priority over all liens suffered or created thereafter, except the liens of other mechanics and materialmen, as to which there shall be no priority. Acts of 1909, ch. 116, § 4, p. 295.

Under the facts of this case the provisions of the two lien laws are in direct conflict as to the priority of the respective claims of the appellant and of the appellee. The liens of the two parties cannot both be prior and superior. One must yield to the other. If the priority provision of the Corporation Employees' Lien Law is to prevail the appellant's lien was superior. If the priority provision of the Mechanics' Lien Law is applicable and is valid; the lien of the appellee was superior.

The appellant points out that statutes are held to be repealed or amended by implication only in cases of irreconcilable conflict. The facts in this case ██ present such an irreconcilable conflict between the priority provisions of these two statutes. The Mechanics' Lien Law was enacted in 1909—many years after the enactment of the Corporation Employees' Lien Law. When there is an irreconcilable conflict between two statutes it is the general rule that the statute enacted by a subsequent Legislature shall prevail and that the earlier act, or such part of it as is in irreconcilable conflict with the later act, shall be deemed to have been repealed by the subsequent act. *Spencer* v. *The State* (1854), 5 Ind. 41; *Brumfield, Tr.* v. *State, ex rel. Wallace* (1934), 206 Ind. 647, 190 N. E. 863. While it is true that our State Constitution forbids the revision or amendment of an act except pursuant to the provisions of Article 4, Section 21 thereof, it has been held that an independent act, which has the effect of amending or modifying prior statutes because in conflict therewith, does not come within the purview of this section of the Constitution. *The State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218, 71 N. E. 660; *Home Owners' Loan Corp.* v. *Wise* (1939), 215 Ind. 445, 19 N. E. (2d) 737; *Northern Indiana Power Company* v. *West, Admx.* (1941), 218 Ind. 321, 32 N. E. (2d) 713.

The priority provisions of the Mechanics' Lien Law made an exception to the general priority granted to employees of corporations by the earlier Corporation Employees' Lien Law. As between the appellee and the appellant the appellee, depending upon the priority provisions of the Mechanics' Lien Law, must prevail unless he has failed to perfect or to

enforce his lien pursuant to the provisions of said Mechanics' Lien Law.

The appellant contends that the judgments on the two mechanics' liens, under which the appellee claims, were ineffective as mechanics' lien foreclosures because in the judgment entries it was only stated that the court found that there were certain sums due from the defendant "on the claim and demand sued on"; that there was in each case a notice of intention to hold a lien, duly recorded; and that the plaintiff in each case was entitled to have his lien foreclosed. There was no statement that the court found that the plaintiffs in said actions held mechanics' liens; that the allegations of the complaint were true; that there was an improper or insufficient description; and that there was need of a reformation of the notice. There was no request to have the facts specially found and, in the absence of such request, it was not necessary for the court to state the findings of fact on which the judgments were based. § 2-2102, Burns' 1933, § 360, Baldwin's 1934.

The appellant next contends that the appellee acquired no liens through said judgments foreclosing the two mechanics' liens because no statement of each judgment was filed in the office of the clerk as required by Acts of 1929, ch. 83, § 2, p. 278, § 2-2520, § 2-2706, Burns' 1933, § 392, § 421, Baldwin's 1934. Section 2-2520, Burns' 1933, § 392, Baldwin's 1934, provides for the entry and indexing of judgments for the recovery of money or costs in the judgment docket to be kept by the clerk of the circuit court in each county. It provides that such clerk, upon the filing in his office of a statement or transcript of any judgment for the recovery of money or costs, shall enter and index a statement of such judgment in the judgment

docket; that any person interested in any such judgment for money or costs may file, or cause to be filed, in the office of the clerk, such a statement or a transcript of a judgment and thereupon the clerk shall forthwith enter the same upon the judgment docket. Section 2-2706, Burns' 1933, § 421, Baldwin's 1934, provides that such judgments shall be a lien upon real estate and chattels real in the county where, and only where, such judgment has been duly entered and indexed in the judgment docket from and after the time the same shall have been entered and indexed "in the judgment docket as provided by law." The Mechanics' Lien Law (§ 43-705, Burns' 1940 Replacement, § 10509, Baldwin's 1934) provides that any person having such a lien may enforce the same by filing his complaint in the circuit or superior courts of the county where the real estate, on which the lien has been taken, is situated; and that the court rendering the judgment shall order the sale to be made. The judgment in such a case adjudges that the plaintiff has a lien on the particular property and that the property shall be sold to satisfy the lien. There could not be a hiatus in the lien so declared between the time of the entry of the judgment and the time it is entered on the judgment docket, thus giving a third party an opportunity to acquire and assert intervening rights which would destroy the security of such lien. We must conclude that the statute on which the appellant relies is not applicable to judgments enforcing a mechanic's lien, except in so far as such a judgment includes a judgment for the recovery of money or costs and thereby gives a general lien on all of the property of the judgment defendant.

We may add that the special findings in this case show that the judgments, on which the appellee depends,

were entered in the judgment docket of the clerk of the circuit court of the county in which the land was situated and it was a judgment rendered by the circuit court of that same county. It would seem that even in the case of a money judgment, where such judgment is to be entered in the judgment docket of the clerk of the court rendering the judgment, it would be unnecessary for the judgment plaintiff to procure from the clerk a certified copy or a transcript of the judgment and then deliver it back to the clerk for entry in the judgment docket. It could not have been the intention of the Legislature to require such an unnecessary step. It is, of course, necessary that such a judgment be enrolled in the judgment docket to become a lien.

Appellant's next proposition is that since the two mechanics' liens were not enforced within one year as against the holders of the corporation employees' liens, the mechanics' liens may not now be asserted as against the appellant who is claiming through the sheriff's sale resulting from the foreclosure of the corporation employees' liens. As sustaining his proposition the appellant cites § 43-705, Burns' 1940 Replacement, § 10509, Baldwin's 1934, which provides that the holder of a mechanic's lien may enforce the same by filing his complaint thereon at any time within one year from the time the notice was recorded and further provides that if the lien shall not be enforced within such prescribed time it shall be null and void.

In *Holmes and Another* v. *Bybee and Another* (1870), 34 Ind. 262, this court discussed and explained the effect as between lienholders of the failure in the foreclosure of a lien to make the holder of another lien a party. There Bybee, the holder of a mortgage lien, foreclosed and failed to make Holmes and another, the

holders of a junior judgment lien, parties. After the sale of the land on foreclosure and a sheriff's deed had been procured Holmes caused an execution to be issued on his judgment and levied on said land. The owners of the land, who had acquired their title through the foreclosure sale, filed an action to enjoin the sale of said land on execution. The court held that as against the holders of the judgment lien, who were not · made parties, the foreclosure of the mortgage and the subsequent sale were without effect. The court there said:

"It is urged by counsel for the appellees, that the appellants, if not barred entirely, were bound to redeem the property before they could sell upon their execution. This argument would be worthy of consideration, if, as to the appellants, there had been any foreclosure and sale; but as there has not, they have the plain statutory right of levying upon and selling the equity of redemption. Again, the question is put by way of argument, what will the appellants sell if they proceed with their execution, inasmuch as the equity of redemption has already been sold? This question assumes that, as against the appellants, the equity of redemption has been sold, while we think, quite clearly, it has not."

Referring to *Holmes and Another* v. *Bybee and Another, supra,* this court said in *Arnold* v. *Haberstock* (1937), 213 Ind. 98, 105, 10 N. E. (2d) 591, 11 N. E. (2d) 682: "This case has been cited and followed in this state ever since and seems to be the well settled law in Indiana now."

The failure to make the holder of a mortgage lien a party in foreclosing a statutory lien, which must be foreclosed within a fixed time, presents a different situation.

In *Deming-Colborn, etc., Co.* v. *Union Nat'l, etc., Ass'n.* (1898), 151 Ind. 463, 51 N. E. 936, it was held that a mechanic's lien which was foreclosed within the

year against the owner of the real estate, but was not foreclosed against a junior mortgagee, did not maintain its priority over the mortgage after the year had expired; that by a purchase under such a foreclosure the lienholder simply stepped into the shoes of the owner of the property and, as such owner could not question the right of the mortgagee to foreclose against the property, neither could the lienholder who had failed to foreclose against the mortgagee within the year.

The appellant also cites *Stoermer* v. *Peoples Savings Bank* (1899), 152 Ind. 104, 52 N. E. 606; *Union Nat., etc., Assn.* v. *Helberg* (1899), 152 Ind. 139, 51 N. E. 916, and *Martin* v. *Berry* (1902), 159 Ind. 566, 64 N. E. 912, supporting this same rule.

The appellant correctly points out that where a party bases his action upon a statute, which is in derogation of the common law, he must, in order to be successful, bring himself within its provisions.

If the appellant were claiming under a mortgage lien his defense, based on the failure of the appellee to foreclose the mechanics' liens against the holder of the mortgage lien within the year, would be good. But the appellant is also claiming under a statutory lien which was not enforced as against the holder of the mechanics' liens within the time provided by the statute. The Corporation Employees' Lien Law only provides for foreclosure within six months from the date of acquiring such lien (§ 43-303, Burns' 1933, § 10548, Baldwin's 1934), and expressly provides (§ 43-304, Burns' 1933, § 10549, Baldwin's 1934) that a sale under the foreclosure of such a lien "shall be made without prejudice to the rights of any prior encumbrancer, owner or other person not a party to the action."

The time for foreclosing the corporation employees'

liens expired early in March, 1933. When that time expired the sale to Spensley, under the foreclosures of said liens against the owner, had been made and the appellee still had approximately five months within which time he could have foreclosed the mechanics' liens against any one claiming under the corporation employees' liens. If the appellee had done so the court would necessarily have held that as to him the sale under the foreclosures of the corporation employees' liens was without prejudice and the purchaser held only the rights of the original owner because, under the holding in *Deming-Colborn, etc., Co.* v. *Union Nat'l, etc., Ass'n., supra,* the priorities and rights under the corporation employees' liens, which had not been foreclosed within the statutory time, could not then be asserted as against appellee whose lien was still alive and enforceable. Can we say that after these five months expired, without the appellee having filed such foreclosure, the rights of the corporation employees' liens were revived and again became attached to the interest of the original owner, held by the purchaser at the foreclosure? We do not think so. Since the holder of the mechanics' liens, the appellee, was not made a party to the actions foreclosing the corporation employees' liens he was in no wise bound by such foreclosure and his situation after the foreclosure remained the same as it had been before. The purchaser at the foreclosure sale simply stepped into the shoes of the original holder of the real estate and took such owners' interest subject to all existing liens and claims against it. As against the interest of the owner, the only interest acquired by appellant, the appellee had foreclosed his liens within the year and such liens were, therefore, valid and binding. Since both the mechanics' liens and the corporation employees' liens were enforced as against the

original owner within the statutory time but were not enforced as against the other lienholder, we hold that the appellee holds a valid lien against the title held by the appellant and is entitled to have said real estate sold to satisfy said lien.

In *Hochstetler et al.* v. *A. Allen Wilkinson Lbr. Co.* (1940), 107 Ind. App. 336, 24 N. E. (2d) 432, it was held that the holders of two mechanics' liens, each of whom had foreclosed against the owner of the premises but not against the other lienholders, and each of whom had had the land sold under his foreclosure and procured a sheriff's deed therefor, were entitled to have said real estate sold by a commissioner and to have the proceeds allocated in proportion to the amount of their respective claims. In that case each of the holders of such liens had permitted the year to expire without foreclosing as against the holder of the other lien.

The appellant also insists that the notices of mechanics' liens were not sufficient to create a lien because the real estate was not sufficiently described in said notices. The notices were addressed to the Plymouth Artificial Ice Company, Inc., et al., and described the real estate as being the "Improvements on T. H. & L. R. R. Co. Rt of Way Tract 90 feet E & W on South & 80 ft on North, West of and adjoining Center St. off N 6 a of S. 18 a of N ½ of SW¼ Sec. 18 M. R. L. as well as upon the Office Building, Ice Plant and Coal yards. . . ." The correct section number was 12 instead of 18. The appellant insists that even though this might be considered a sufficient description to give a lien against the owner of the land, it would not be sufficient as against the rights of third parties relying upon the record of the notice. The statute (§ 43-703, Burns' 1940 Replacement, § 10507, Baldwin's 1934) expressly provides that "Any description of the lot or

land in a notice of a lien will be sufficient, if from such description or any reference therein, the lot or land can be identified."

In *McNamee* v. *Rauck et al.* (1891), 128 Ind. 59, 61, 27 N. E. 423, it was said that "The rule usually adopted by the courts as standards by which the adequacy of a description, in a notice of lien, is to be tested is, that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described, with reasonable certainty to the exclusion of others, it will be sufficient. . . .

"Courts are reluctant to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise."

In *Newcomer et al.* v. *Hutchings et al.* (1884), 96 Ind. 119, a notice of intention to hold a mechanic's lien described the real estate as a certain part of lots numbered 9 and 10, in block number 7, in the original plat of the town of Tipton, and the brick building recently erected thereon, when the correct description was a certain part of lots numbered 10 and 11 in said block. It was held that the using of the wrong lot number did not constitute a fatal defect in the notice.

In *Isbell Lbr. & Coal Co.* v. *Marchesseau Pl. Co.* (1937), 104 Ind. App. 373, 11 N. E. (2d) 518, it was held that a mechanic's lien notice which described the property as "1334 Concord Avenue . . . and also upon dwelling house recently repaired by us," was a sufficient description of the property.

In the instant case it would seem that the notices addressed to the Plymouth Artificial Ice Company, Inc.,

which described the property as being on the T. H. & L. Railroad Company right of way, Tract ninety feet East and West on the South and eighty feet on the North, West of and adjoining Center Street, off of the North six acres of the South eighteen acres of the North half of the South West quarter of section —— of the Michigan Road Lands and the office building, ice plant and coal yards, was sufficient to enable a party familiar with the locality to identify the premises sought to be described. The abbreviations used in the descriptions in the notices would have been easily understood by one familiar with the premises. If the section number had been left blank it would not have prevented one familiar with the locality from identifying the property and we do not believe that the use of the wrong section number could have misled such a person. Here the holders of the corporation employees' liens were the employees of the Plymouth Artificial Ice Company, Inc., were familiar with the property, and could have recognized the land described in the notice as the land and plant of the Ice Company.

In the decree foreclosing said liens the land was correctly described and there was no appeal from that judgment. The Plymouth Artificial Ice Company, Inc., the owner of the land, was, therefore, bound by that decree and third parties dealing with the title to the land, subsequent to the entry of that decree which contained a correct description of the land, could not be heard to say that they were misled by the incorrect description in the notices.

The appellant also contends that his claim is prior to the claim of the appellee because the judgment on the

corporation employees' liens was rendered prior to the date of the judgments on the mechanics' liens, and in support of this contention cites § 2-2706, Burns' 1933, § 421, Baldwin's 1934. As we have pointed out above, the statute cited has to do with judgments for the recovery of money. A judgment foreclosing a lien relates back to the date of the lien. *Bateman* v. *Miller* (1889), 118 Ind. 345, 21 N. E. 292; *Jarrell, Sheriff, et al.* v. *Brubaker, Administrator* (1898), 150 Ind. 260, 49 N. E. 1050.

The appellant says that his title should have been quieted as against the appellee because "where a party has a lien—judgment or otherwise—against real estate and he received the legal title to such real estate, the lien is extinguished and it is treated as merged in his greater title." While it is ordinarily true that a lien is merged in a title subsequently acquired by a lienholder, it has been held that a title acquired through a sale on the foreclosure of a lien relates back to the date of the lien as against all intervening transfers and incumbrances. *Bateman* v. *Miller, supra.* But where, as in the instant case, the holder of a prior lien was not made a party to the foreclosure suit the title acquired through such foreclosure is still subject to such prior lien. The rights of such title holder are not enlarged, as against one not made a party to the foreclosure, by the title acquired by the sheriff's deed.

The eighth assignment of error by the appellant was that the trial court erred in its conclusion of law relating to the recovery of costs. Such a conclusion of law is unnecessary and must be disregarded. Such a question may only be presented by a motion to modify the judgment or to tax costs. *Shandy* v, *Bell* (1934), 207 Ind. 215, 189 N. E. 627,

Under the assignment of error that the court erred in overruling appellant's motion for a new trial the appellant objected to the exclusion of evidence relating to the value of the improvements which had been placed on the real estate by the appellant and his grantors. As we have shown above the purchaser at the foreclosure sale, through whom appellant is claiming, acquired only the interest of the owner in said real estate subject to the lien of the appellee. If the owner had continued to hold said property and place improvements thereon such improvements would be subject to the lien of the appellee. The appellant, therefore, is not entitled to an allowance as against the appellee for improvements made by him on such property.

While we did not pass on the court's first conclusion of law, the other conclusions are sufficient to support the judgment.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 46 N. E. (2d) 204.